SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**Cuiyun Qian v. Toll Brothers Inc. (A-95-13) (073982)**

**Argued March 16, 2015 -- Decided August 12, 2015**

**ALBIN, J., writing for a unanimous Court.**

In this appeal, the Court considers whether sidewalk immunity applied in Luchejko v. City of Hoboken, 207 N.J. 191 (2011) (Luchejko), in the context of injuries that occurred on a public sidewalk adjoining a residential condominium community, is applicable to claims for personal injuries sustained on a private sidewalk owned and controlled by a homeowners association of a common-interest community.

Plaintiff and her husband resided in a home at the Villas at Cranbury Brook (Villas), a common-interest community, in the Township of Plainsboro. The homeowners at the Villas take title only to their dwelling units; all other areas, including the sidewalks and walkways, are common area property owned by the homeowners association and the recreation association. Homeowners are charged monthly assessments for the maintenance of the common areas, which pay for services such as snow and ice removal from the sidewalks. Although the Villas is not a gated community, the general public does not have an easement to use the sidewalks. Under the community's certificate of incorporation and by-laws, the homeowners association is responsible for the maintenance of the community's common areas.

On December 19, 2008, a snowstorm with freezing rain led to the accumulation of approximately one-and-a-half inches of ice on the sidewalks and streets of the Villas. At the request of the homeowners association, a landscape contractor salted the roadways, but the association did not request that the common sidewalks and walkways also be cleared. Two days later, on December 21, 2008, additional freezing rain accumulated. The landscape contractor did not apply any salt to the roadways or sidewalks that day. That afternoon, plaintiff and her husband walked through the Villas to a food market; on their way back to their home, plaintiff slipped and fell on ice on a common-area sidewalk within the community, injuring her wrist and shoulder.

Plaintiff sued the developer of the community, the management company, the homeowners association, and the landscape contractor to recover for the personal injuries that she sustained. The trial court granted summary judgment to the homeowners association and the management company, and dismissed plaintiff's complaint. The trial court concluded that the private sidewalks in the community were the functional equivalent of the public sidewalk for which the Court conferred immunity in Luchejko. The Appellate Division affirmed that determination in an unpublished decision.

The Court granted plaintiff's petition for certification. 217 N.J. 623 (2014).

**HELD:** The immunity of a property owner from claims for injuries on a public sidewalk addressed in Luchejko does not apply to bar a claim for personal injuries against the homeowners association and management company of the common-interest community because the sidewalk on which plaintiff fell on ice constitutes a private sidewalk, as it is part of the common area owned by the homeowners association, and the association's by-laws and statutory obligations require the association to manage and maintain the community's common areas.

1. In reviewing a grant of summary judgment, the court applies the same standards under Rule 4:46-2(c) that govern the trial court. A court must view the evidence in the light most favorable to the non-moving party. Summary judgment should not be granted unless the record reveals no genuine issue as to any material fact, and the moving party is entitled to a judgment or order as a matter of law. In reviewing the law, the court need not defer to the interpretative conclusions of the trial court or the Appellate Division. (pp. 13-14)

2. At common law, both commercial and residential property owners were under no duty to keep the public

sidewalk adjoining their premises free of snow and ice, and therefore were not liable for the condition of the sidewalk caused by the elements. An exception was then created for commercial property, imposing a duty on the owner to take reasonable measures to maintain an adjoining public sidewalk for the safety of pedestrians, including the removal of snow or ice, as appropriate, and rendering the property owner liable for injuries caused by negligent failure to maintain the sidewalk in reasonably good condition. Residential property owners have no similar common law duty with respect to a public sidewalk. (pp. 14-15)

3. The duty of care that a landowner owes to a pedestrian on a sidewalk on or abutting his property depends on whether the sidewalk is characterized as a public or private sidewalk. Generally, whether a sidewalk is classified as public or private depends on who owns or controls the walkway, rather than who uses it. A critical factor in determining whether a sidewalk is public is whether the municipality has sufficient control over or responsibility for the maintenance and repair of the sidewalk. (pp. 17-18)

4. An owner of private property has a duty to exercise reasonable care to protect those entering the property from dangerous conditions on the property. A duty therefore exists to make private walkways on the property reasonably safe, and, to the extent reasonable, to clear snow and ice that presents a danger to known or expected visitors. (pp. 17-18)

5. Under the standards stated above and the specific facts of this matter, the walkway in the Villas on which plaintiff fell is a private, rather than a public, sidewalk. The certificate of incorporation and the association's by-laws classify the sidewalks and interior roadways as common property. Under the Condominium Act, a homeowners association is responsible for maintaining the common elements of the community, and obtaining insurance for liability resulting from accidents within the common areas. Nothing in the record suggests that the municipality has control of, or responsibility for, the community's interior sidewalks. Additionally, the limited immunity that the Legislature conferred on homeowners associations under N.J.S.A. 2A:62A-13, protecting against liability from certain lawsuits by unit owners, confirms the application of premises liability to a community's common elements because, without the potential for liability, there would be no need for the grant of immunity. There is no bar in the immunity provision to a negligence action against the association by a non-unit owner injured on the community's common areas. (pp. 18-21)

6. The decision in Luchejko is not controlling here. Luchejko reaffirmed the distinction between commercial and residential property owners where injuries occur on a public sidewalk, and did not address a private sidewalk that is part of the common area of the community. There are also stark factual differences between Luchejko and this case. In contrast to this case, the public sidewalk addressed in Luchejko was not part of the common area of the condominium. Additionally, a public easement existed over the sidewalk in Luchejko; there is no public easement here. The condominium's by-laws and other documents did not impose any duty upon the association in Luchejko to maintain and clear the public sidewalk of snow and ice, or to obtain liability insurance covering the sidewalk; in contrast, such duties exist here. The Villas homeowners association collected maintenance fees from the homeowners to ensure that all common property, including the sidewalk on which plaintiff was injured, would be reasonably safe. No such fees were collected to maintain the public sidewalk in Luchejko. (pp. 22-24)

7. The Court does not address whether plaintiff should be deemed a unit owner for purposes of the immunity provision in the association's by-laws precluding liability for negligence by unit owners (noting that plaintiff's son is listed as owner in the deed, but plaintiff and her husband reside in the unit), because this issue was not addressed by the trial court or the Appellate Division, and must be explored further on remand. (p. 24)

The judgment of the Appellate Division, which affirmed the grant of summary judgment by the trial court, is **REVERSED,** and the matter is **REMANDED** to the trial court for further proceedings consistent with this decision.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, PATTERSON, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in JUSTICE ALBIN's opinion. JUSTICE FERNANDEZ-VINA did not participate.**
.

CUIYUN QIAN,

    Plaintiff-Appellant,

        v.

TOLL BROTHERS INC., INTEGRA
MANAGEMENT CORP., THE VILLAS
AT CRANBURY BROOK HOMEOWNERS
ASSOCIATION,

    Defendants-Respondents,

        and

LANDSCAPE MAINTENANCE
SERVICES,

    Defendant.

        Argued March 16, 2015 – Decided August 12, 2015

        On certification to the Superior Court, Appellate Division.

        Nicholas J. Leonardis argued the cause for appellant (Stathis & Leonardis, attorneys; Mr. Leonardis and Randi S. Greenberg, on the briefs).

        Matthew J. Tharney argued the cause for respondents (McCarter & English, attorneys; Mr. Tharney, Natalie S. Watson, and Ryan A. Richman, on the briefs).

        Ronald B. Grayzel argued the cause for amicus curiae New Jersey Association of Justice (Levinson Axelrod, attorneys).

        JUSTICE ALBIN delivered the opinion of the Court.

New Jersey's common law imposes a duty on commercial landowners to clear public sidewalks abutting their properties of snow and ice for the safe travel of pedestrians. No corresponding duty is imposed on residential landowners. We adhered to that distinction between commercial and residential landowners in Luchejko v. City of Hoboken, 207 N.J. 191, 211 (2011), a case involving a pedestrian who slipped on ice on a public sidewalk abutting a residential condominium building. We held that the condominium association and management company were immune from suit for allegedly failing to clear ice from the public sidewalk. Id. at 195, 211.

In this personal-injury case, a resident fell on ice on a private sidewalk within a common-interest community. We must determine whether the community's homeowners association and its management company had the duty to clear snow and ice from the community's private sidewalks. Under the community's certificate of incorporation and by-laws -- as well as by statute -- the homeowners association is responsible for the maintenance of the common elements, which include the sidewalks. Both the trial court and the Appellate Division concluded that the private sidewalks in this case were the functional equivalent of the public sidewalk on which we conferred immunity in Luchejko. The trial court granted summary judgment to the

2

homeowners association and management company and dismissed plaintiff's complaint, and the Appellate Division affirmed.

We now reverse. Residential public-sidewalk immunity does not apply in the case of a sidewalk privately owned by a common-interest community. Who owns or controls the sidewalk, not who uses it, is the key distinguishing point between a public and private sidewalk. Here, the by-laws of the homeowners association spell out the association's duty to manage and maintain the community's common areas, including sidewalks. This association also has a statutory obligation to manage the common elements of which the sidewalks are a part. See N.J.S.A. 46:8B-14(a). Last, the limited immunity given to "a qualified common interest community" under N.J.S.A. 2A:62A-13 is a legislative acknowledgement that common-law tort liability extends to the private areas of such a community.

We therefore vacate the grant of summary judgment and remand for proceedings consistent with this opinion.

I.

A.

Plaintiff Cuiyun Qian filed a personal-injury action, naming as defendants Toll Brothers, Inc., Integra Management Corp. (Management Company or Integra), The Villas at Cranbury Brook Homeowners Association (Homeowners Association or Association), and Landscape Maintenance Services, Inc.

3

(Landscape Inc.).  In her complaint, plaintiff alleged that she suffered personal injuries resulting from defendants' negligent maintenance of a sidewalk on the grounds of The Villas at Cranbury Brook (Villas) in the Township of Plainsboro.  The trial court granted summary judgment in favor of defendants and dismissed plaintiff's lawsuit.  The Appellate Division affirmed.

This appeal is based on the summary-judgment record before the trial court.  At this procedural posture, we present the facts, as we must, in the light most favorable to plaintiff. See Gormley v. Wood-El, 218 N.J. 72, 86 (2014).

### B.

The Villas is an "over 55," age-restricted, common-interest community, consisting of approximately 102 detached single-family homes on 32.5 acres of land.[1]  Homeowners at the Villas take title only to their dwelling units.  All other areas are common property owned by the Homeowners Association and Recreation Association.[2]  The common areas include the sidewalks and walkways.  The Homeowners Association is a non-profit organization, and its governing board is comprised of five members, who do not receive compensation for their services. All homeowners are obligatory members of the Association and

---

[1] The Villas was developed by Toll Brothers.

[2] The Recreation Association is responsible for the recreational facilities.

charged monthly assessments for the maintenance of the common areas. Those assessments pay for services such as snow and ice removal from the sidewalks. The Villas is not a gated community and does not have a policy of restricting the public from using the community's private roads and sidewalks. Nevertheless, the general public does not have an easement to use the sidewalks.

The documents central to the foundation of the Villas and the Homeowners Association detail the Association's responsibility for managing the community's property. The Public Offering Statement filed by the developer grants the Homeowners Association the "exclusive" authority to maintain the "Common Property." That authority extends to clearing the walkways and driveways of snow and ice. The Certificate of Incorporation of the Homeowners Association states that the Association was formed "to provide for the maintenance, preservation and control of the Property . . . and to promote the health, safety and welfare of the residents within" the Villas. The Declarations of Covenants, Easements and Restrictions for the Homeowners Association refers to common property as including "all walkways, sidewalks, driveways and interior roadways within the Villas Community."

The by-laws of the Association state that it is "the affirmative and perpetual obligation and duty of the Board of Trustees to . . . cause the Common Property and Areas of Common

Responsibility to be maintained according to accepted standards." To "maintain and operate the Common Property," the Board hired Integra. The Association also contracted with Landscape Inc. for snow-removal purposes. Under the contract, Landscape Inc.'s responsibilities included the removal of snow and ice, in accumulations of two inches or more, from "roadways, parking areas, driveways and sidewalks." However, the Association had to direct Landscape Inc. to clear snow and ice in accumulations of less than two inches.

The Association is also required, by its by-laws, to maintain liability insurance for "accidents occurring within the property of the Villas Community."[3] Last, the by-laws provide that the Association is not liable in "any civil action brought by or on behalf of [a homeowner] to respond in damages as a result of bodily injury to the Owner occurring on the premises of the Association except as a result of its willful, wanton or

---

[3] The Condominium Act requires a homeowners association to maintain

> insurance against liability for personal injury and death for accidents occurring within the common elements whether limited or general and the defense of any actions brought by reason of injury or death to person, or damage to property occurring within such common elements and not arising by reason of any act or negligence of any individual unit owner.

> [N.J.S.A. 46:8B-14(e).]

6

grossly negligent act of commission or omission." See N.J.S.A. 2A:62A-13(b).

This case arises from an accident that occurred on December 21, 2008. As of that date, plaintiff and her husband lived in a home at the Villas purchased by their son whose name appears on the deed. On December 19, 2008, a snowstorm with freezing rain led to the accumulation of approximately one-and-a-half inches of ice on the sidewalks and streets of the Villas. At the Association's request, Landscape Inc. salted the roadways, but the Association made no similar request for clearing the common sidewalks and walkways.

On December 21, 2008, additional freezing rain accumulated between 4:00 a.m. and 1:00 p.m. Landscape Inc. did not apply any salt to the roadways or sidewalks that day. That afternoon, plaintiff and her husband walked a half mile through the Villas to a food market. On the way back to their home, plaintiff slipped and fell on ice on a common-area sidewalk within the Villas. She landed on her back, injuring her wrist and shoulder.

C.

Defendants moved to dismiss the action. The trial court, applying Luchejko, granted summary judgment in favor of the Homeowners Association and the Management Company on the ground that residential public-sidewalk immunity barred plaintiff's

7

claims.[4]  The court also dismissed the lawsuit against Toll

Brothers, finding that the developer did not control the

property at the Villas and that its earlier designation of Board

members on the Homeowners Association did not change that

equation.  The court, however, determined that Landscape Inc.

stood on a different footing because the holding in Luchejko was

limited to the homeowners association and management company and

because Landscape Inc. was paid for its services.  Accordingly,

the court denied summary judgment to Landscape Inc., concluding

that a genuine issue remained concerning whether it exercised

due care in fulfilling its snow-removal obligation.

After plaintiff's motion for reconsideration was denied,

she appealed.[5]

II.

A.

In an unpublished opinion, the Appellate Division affirmed

the grant of summary judgment for the Homeowners Association and

the Management Company, determining that Luchejko controlled the

outcome.  The appellate panel also upheld the dismissal of the

---

[4] Plaintiff also moved to enforce a purported settlement with
Toll Brothers, the Homeowners Association, and the Management
Company.  The trial court denied that motion, and the Appellate
Division affirmed.  The enforceability of the purported
settlement is not an issue before this Court.

[5] Plaintiff entered into a settlement with Landscape Inc., and
the claims against that defendant were dismissed.

8

suit against Toll Brothers because it "did not own or control the property at the time of plaintiff's accident."

According to the panel, the Court in Luchejko "expressly declined . . . to impose sidewalk maintenance duties on an association of residential property owners that was responsible for maintenance of the common areas of the property." The panel asserted that, for purposes of residential-sidewalk immunity, the interior sidewalks of the Villas could not be distinguished from the sidewalk abutting a public street in Luchejko. It reasoned that because "[a]ll members of the public had free access to the streets and sidewalks of the [Villas]," those "interior sidewalks were publicly-used sidewalks just as the abutting sidewalk was in Luchejko." In the panel's view, the Villas' interior sidewalks "functioned like the public sidewalks of any residential development," and "the [Homeowners] Association functions in a governing capacity for a small group of homeowners, just as a municipal government does for all its residents and taxpayers." The panel observed that the Homeowners Association's "duty to clear the interior sidewalks of ice and snow" was not "conceptually different" from "the duty of the association in Luchejko, to clear an abutting sidewalk used by the public." It concluded that if a private residential community's interior sidewalks are to be treated differently

from its sidewalks abutting a public street, the Supreme Court must "make the appropriate distinctions."

In a concurring opinion, Judge Leone noted the differences between the sidewalk in the Villas, which "is adjacent to an apparently private road," and the sidewalk in Luchejko abutting a public road. He mused that those "differences may implicate the applicability of the traditional common law duties of private property owners." However, on the basis of this "Court's unequivocal reaffirmation of the 'commercial/residential dichotomy,'" he believed that it was not the Appellate Division's role "to disturb that dichotomy."

B.

We granted plaintiff's petition for certification. Qian v. Toll Bros. Inc., 217 N.J. 623 (2014). We also granted the motion of the New Jersey Association of Justice (NJAJ) to participate as amicus curiae.

III.

A.

Plaintiff argues that the Appellate Division, in applying Luchejko, overlooked a critical distinction between that case and the present one. Plaintiff emphasizes that in Luchejko, the condominium association did not list the public sidewalk in the master deed as a common element and therefore could not secure insurance to protect itself from accidents occurring there. In

10

contrast, plaintiff submits that, here, the Association owned the private sidewalk and collected fees to maintain it. Plaintiff argues that the Appellate Division erred by looking at who used the sidewalk rather than who owned the sidewalk. Plaintiff reasons that because the Association owned the private sidewalk, the use of that sidewalk by members of the public did not convert it into a public sidewalk. In plaintiff's view, the holding in Luchejko was limited to the "question of whether a residential landowner had a legal obligation to . . . maintain[] a sidewalk that it did not own" for the public's benefit. In this case, plaintiff stresses that the Homeowners Association owns the private sidewalk on which she was injured and that its by-laws and N.J.S.A. 46:8B-14(a) obligate the Association to exercise reasonable care in maintaining that sidewalk as part of the common areas of the Villas.

                               B.

Amicus NJAJ echoes plaintiff's position that Luchejko addressed a very specific issue, whether sidewalk immunity applied to "public" sidewalks abutting a condominium building. Here, in contrast, the issue is whether the immunity applies to "a common walkway situated exclusively on private property . . . owned and controlled by the Homeowners Association." Amicus points out that the "general public has not been granted access to use the private roads and sidewalks within the Villas" and

                               11

therefore the usage of those private sidewalks by "trespassers" does not change the character of the property for purposes of tort liability. NJAJ contends that the Homeowners Association has a duty imposed by statute and its own by-laws to maintain the common-area sidewalks by removing unsafe accumulations of snow and ice. It was the negligent performance of that duty that, according to NJAJ, gives rise to the action in this case. Last, NJAJ argues that the limited immunity from suit that applies to unit owners, as set forth in the by-laws, does not extend to the claims of plaintiff, who is only a resident of a unit.

C.

Defendants, the Homeowners Association and Management Company, contend that the Appellate Division properly affirmed the grant of summary judgment because "plaintiff's alleged accident occurred on a portion of sidewalk abutting residential property." Defendants state that, in determining whether immunity applies, the defining question is whether the sidewalk abuts residential or commercial property. In defendants' view, Luchejko reaffirmed the notion that a residential owner, including a condominium association, is not subject to sidewalk liability for failing to clear the walkway in front of the building of snow or ice, whether the sidewalk is denominated public or private. Defendants claim that the similarities

12

between the condominium association in Luchejko and the Homeowners Association here should lead to similar outcomes. Defendants note that, under Luchejko, the issue is not whether the sidewalk is public or private, but whether the abutting property is commercial or residential. This commercial/residential distinction, according to defendants, protects a residential owner from losing his home in the event of a sidewalk accident. Defendants also submit, as did the Appellate Division, that the payment of fees for maintenance and insurance coverage by residents of the Villas does not create a tort-law duty on the part of the Homeowners Association to clear the sidewalks of snow and ice. Finally, defendants maintain that the Association's by-laws bar a negligence action brought by a unit owner, and therefore plaintiff's claim is precluded because her rights are derivative of those possessed by her son who holds title to the unit.

IV.

A.

In reviewing a grant of summary judgment, "we apply the same standard governing the trial court -- we view the evidence in the light most favorable to the non-moving party." Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012). Summary judgment should not be granted unless the record reveals "no genuine issue as to any material fact" and "the moving party is

13

entitled to a judgment or order as a matter of law." R. 4:46-2(c). Additionally, in construing the law -- whether the common law or a statute -- our review is de novo. Murray, supra, 210 N.J. at 584. "We need not defer to the trial court or Appellate Division's interpretative conclusions . . . ." Ibid.

The issue before us is whether public-sidewalk immunity bars plaintiff from pursuing a personal-injury action for an accident caused by icy conditions on a private sidewalk owned or controlled by the Homeowners Association of a common-interest community.

We begin with a brief overview of our jurisprudence on sidewalk liability.

B.

At common law, property owners were "under no duty to keep the public sidewalk adjoining their premises free of snow and ice." Skupienski v. Maly, 27 N.J. 240, 247 (1958). Generally, property owners, both commercial and residential, were "not liable for the condition of a sidewalk caused by the action of the elements or by wear and tear incident to public use." Yanhko v. Fane, 70 N.J. 528, 532 (1976), overruled in part by Stewart v. 104 Wallace St., Inc., 87 N.J. 146 (1981).

We carved out an exception to that common-law rule for commercial property owners in Stewart, supra, 87 N.J. at 149. In Stewart, we held that commercial property owners would be

14

"liable for injuries on the sidewalks abutting their property that are caused by their negligent failure to maintain the sidewalks in reasonably good condition."  Id. at 150.[6]  We determined that imposing a duty on commercial property owners to take reasonable measures to maintain a public sidewalk for the safety of pedestrians was consonant with public policy and notions of fairness.  Id. at 157-58.  We later made clear that a commercial property owner's duty to maintain "a public sidewalk in a reasonably good condition may require removal of snow or ice or reduction of the risk, depending upon the circumstances."  Mirza v. Filmore Corp., 92 N.J. 390, 395-96 (1983).

Since Stewart, residential-public-sidewalk immunity has remained intact.  Norris v. Borough of Leonia, 160 N.J. 427, 434 (1999).  Residential property owners do not have a common-law duty to clear snow or ice from a public sidewalk and the failure to do so does not expose them to tort liability.  Luchejko, supra, 207 N.J. at 211.  That is so even if a municipal ordinance requires residential owners to clear their sidewalks.  Id. at 199, 211.

In Luchejko, we reaffirmed the distinction between commercial and residential property owners in public-sidewalk liability cases.  Id. at 195.  There, we determined that a

---

[6] In Stewart, supra, we stated that apartment buildings would be considered "commercial" properties.  87 N.J. at 160 n.7.

15

condominium complex, through its condominium association and management company, did not have a common-law duty to clear a public sidewalk of snow or ice and was immune from a lawsuit filed by a pedestrian who slipped on the icy pavement, breaking his leg.  Id. at 196, 211.

The accident in Luchejko occurred on a public sidewalk, which abutted a 104-unit condominium building on one side and a public highway on the other.  Id. at 195-96.  Each unit in the condominium building was owned in fee simple, and each owner possessed "an undivided interest in the common elements."  Id. at 196.  The condominium association, which represented the interests of the individual owners, was responsible for "maintaining the 'common elements' of the property."  Id. at 196, 197.  Importantly, the public sidewalk was not part of the common elements and, therefore, the association had no common-law obligation to maintain the sidewalk.[7]  Id. at 198, 207.  The condominium's master deed required the association to acquire liability insurance covering the common elements, not the public sidewalk where the accident occurred.  Id. at 198.

Significantly, Luchejko did not address the condominium's

---

[7] The City of Hoboken, where the accident occurred, had an ordinance requiring residential landowners to "remove snow and ice from sidewalks abutting their property."  Luchejko, supra, 207 N.J. at 199.  Ultimately, we decided that the ordinance did not abrogate the tort-law immunity that protected the condominium building in Luchejko.  See id. at 200-01.

16

duty to maintain a private sidewalk or walkway that fell within the common elements of the condominium's property.

C.

The duty of care that a landowner owes to a pedestrian walking on a sidewalk on or abutting his property will depend on whether the sidewalk is characterized as public or private. Cogliati v. Ecco High Frequency Corp., 92 N.J. 402, 415 n.6 (1983) ("[H]istorically and currently, the law has not been the same with respect to individuals who have been injured due to the conditions on the public sidewalk as opposed to private property."). At common law, a landowner owes a duty to exercise reasonable care to protect visitors from a dangerous condition of private property. Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433-34 (1993). Landowners may owe a limited duty even to trespassers. Id. at 434 (noting that, ordinarily, duty owed to trespassers is only to warn "of artificial conditions on the property that pose a risk of death or serious bodily harm"). A residential homeowner has a duty to render private walkways on the property reasonably safe and -- to the extent reasonable under the circumstances -- to clear snow and ice that presents a danger to known or expected visitors. See Lynch v. McDermott, 111 N.J.L. 216, 217-19 (Sup. Ct. 1933) (holding that person in control of premises and extending invitation to guest had duty

17

to keep premises, including front steps, "reasonably safe" from ice, which had accumulated earlier).

Accordingly, under our tort law, liability may depend on whether a plaintiff suffers an injury on the walk leading to the front door of a house -- which is owned or controlled by the property owner -- as opposed to a sidewalk abutting the property.  See Cogliati, supra, 92 N.J. at 415 n.6.

Our Stewart and Luchejko decisions did not deal with the distinction between public and private ownership of a sidewalk for purposes of tort liability, which is the focal point of this appeal.

V.

A.

A critical factor in determining whether a sidewalk is "public" is whether "the municipality ha[s] sufficient control over or responsibility for the maintenance and repair of the sidewalk."  Norris, supra, 160 N.J. at 443.  Generally, a sidewalk is classified public or private based on who owns or controls the walkway, not based on who uses it.  See ibid.  By that measure, the walkway on which plaintiff fell in the Villas was a private sidewalk, not a public sidewalk.  Nothing in the record remotely suggests that Plainsboro Township has control or responsibility over the interior sidewalks at the Villas. Additionally, at least as of the time of the accident, based on

18

the record before us, the roadway abutting the sidewalk was private; it had not been dedicated to the Township.

The Certificate of Incorporation of the Homeowners Association, by reference to the Declarations of Covenants, Easements and Restrictions for the Association, and the Association's by-laws clearly classify the sidewalks and interior roadways within the Villas Community as common property -- in other words, private property. Under the Condominium Act, a homeowners association is responsible for the maintenance of the common elements. N.J.S.A. 46:8B-14(a) ("The association . . . shall be responsible for . . . [t]he maintenance, repair, replacement, cleaning and sanitation of the common elements.").[8] The Association is also required to maintain "insurance against liability for personal injury and death for accidents occurring within the common elements." N.J.S.A. 46:8B-14(e).

The Legislature has recognized the application of premises liability to the common elements of a "qualified common interest community" by crafting a limited immunity protecting homeowners

---

[8] The detached single-family homes at the Villas are governed by the Condominium Act, N.J.S.A. 46:8B-1 to -38. See Brandon Farms Prop. Owners Ass'n v. Brandon Farms Condo. Ass'n, 180 N.J. 361, 362-63 (2004) (applying Condominium Act to "development of single-family detached homes, townhouses, and condominiums"); Port Liberte Homeowners Ass'n v. Sordoni Constr. Co., 393 N.J. Super. 492, 498 (App. Div. 2007) (discussing series "of single-family detached homes, townhomes, and mid-rise buildings" that were "established pursuant to the New Jersey Condominium Act").

19

associations from certain lawsuits brought by unit owners. See N.J.S.A. 2A:62A-13. N.J.S.A. 2A:62A-13(a) provides that a homeowners association may provide through its by-laws that it "shall not be liable in any civil action brought by or on behalf of a unit owner to respond in damages as a result of bodily injury to the unit owner occurring on the premises of the qualified common interest community." The caveat to that provision is that an association does not have immunity for injuries caused "by its willful, wanton or grossly negligent act of commission or omission." N.J.S.A. 2A:62A-13(b).

The purpose of the statute is to "permit condominium and cooperative homeowners' associations to protect themselves against suits by unit owners." Assemb. Ins. Comm., Statement to S. 251, 203d Leg. (Sept. 1, 1987). The Legislature was mindful that "[s]ome associations have had lawsuits filed against them by unit owners who have fallen on icy sidewalks or sustained other injuries on the common property," and that "as a result, some associations have had trouble getting insurance coverage or have had their premiums rise significantly." Ibid. Accordingly, the statute was intended to "permit the members of the association to agree to eliminate this type of suit." Ibid.

Clearly, the Legislature believed that the private sidewalks of a common-interest community were subject to tort

20

liability; otherwise, it would not have conferred a limited immunity on homeowners associations.

In language similar to N.J.S.A. 2A:62A-13, the Homeowners Association at the Villas has promulgated a by-law that, in effect, exculpates the Association from liability for negligent acts when a unit owner is the injured party.[9] Neither the statute nor the by-law prohibits a non-unit owner from bringing an action sounding in negligence against the Association for an injury arising on the common property of the Association. Significantly, the Association acquired liability insurance to protect itself against personal-injury-damage claims arising from accidents occurring on "the property of the Villas Community," including its private sidewalks.

We reject defendants' contention that immunity should apply because permitting lawsuits to be filed against the Association for not maintaining its private sidewalks will potentially expose unit owners -- despite insurance coverage -- to losing their homes. First, this lawsuit is against the Homeowners

---

[9] The by-law reads:

> The Association shall not be liable in any civil action brought by or on behalf of a[n] Owner to respond in damages as a result of bodily injury to the Owner occurring on the premises of the Association except as a result of its willful, wanton or grossly negligent act of commission or omission.

21

Association, not the unit holders.  Moreover, taking defendants'
argument to its logical endpoint would lead to the abrogation of
premises-liability law in its entirety.  The point of premises
liability, in part, is to encourage property owners to exercise
a reasonable degree of care in maintaining their property.
That, in turn, will reduce the number of avoidable accidents.
The Villas is age restricted to those fifty-five years and
above, a population more susceptible to serious injuries from
falls.  With fewer avoidable accidents, lawsuits decline and,
presumably, insurance premiums will as well.  In short, strong
public-policy reasons support maintaining our traditional
common-law approach to premises liability.

B.

We disagree with the Appellate Division that Luchejko
governs the outcome of this case.  The two cases are
distinguished by their stark factual differences.

In Luchejko, supra, the public sidewalk was not a common
element of the condominium complex, and therefore the
association was not responsible for its maintenance, 207 N.J. at
207; here, the sidewalk is a part of the common area of the
Villas, and its maintenance falls under the control of the
Association.  In Luchejko, the association's by-laws and other
documents did not impose on it a duty to clear the public
sidewalk of snow and ice, id. at 198, 207; here, the governance

22

documents of the Association place on it the responsibility to clear the private sidewalks of accumulated snow and ice. In Luchejko, the association did not collect fees from condominium owners for the purpose of maintaining the public sidewalk in safe condition, id. at 197-98; here, the Association collected maintenance fees from the homeowners to ensure that all common property, including the very sidewalk on which plaintiff fell, would be reasonably safe.

Furthermore, in Luchejko, the association was not required to insure itself against damages arising from accidents on the public sidewalk on which the accident occurred, id. at 197-98, 207; here, the Association was required to secure liability insurance covering the private sidewalk. In Luchejko, the public had a right of way on the sidewalk, see id. at 195; here, the general public had no easement to use the private walkways at the Villas. Last, and most importantly, in Luchejko, the accident occurred on a public sidewalk abutting the condominium complex, id. at 195; here, plaintiff's accident occurred on a private sidewalk within the Villas.

Therefore, while the condominium association in Luchejko had no common-law duty to take reasonable measures to clear the public sidewalk of snow and ice, here, common-law premises-liability jurisprudence imposes a duty on the Association to keep its private sidewalks reasonably safe.

23

Accordingly, the Appellate Division erred in affirming the grant of summary judgment in favor of the Homeowners Association and the Management Company.

## C.

Finally, we note that the limited record before us indicates that plaintiff's son is the title holder to the unit in which plaintiff lived. We do not address whether plaintiff should be deemed a unit owner for purposes of the immunity provision in the Homeowner Association's by-laws. That issue was not reached by the trial court or the Appellate Division. That issue must be further explored, and we express no opinion on the subject.

## VI.

For the reasons expressed, we reverse the judgment of the Appellate Division, which affirmed the grant of summary judgment in favor of defendants Integra Management Corp. and The Villas at Cranbury Brook Homeowners Association. We remand this case to the trial court for proceedings consistent with this opinion.


CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, PATTERSON, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in JUSTICE ALBIN's opinion. JUSTICE FERNANDEZ-VINA did not participate.

24

SUPREME COURT OF NEW JERSEY

NO.  ___A-95___                    SEPTEMBER TERM 2013

ON CERTIFICATION TO _____Appellate Division, Superior Court_____


CUIYUN QIAN,

        Plaintiff-Appellant,

                v.

TOLL BROTHERS, INC., INTEGRA
MANAGEMENT CORP., THE VILLAS
AT CRANBURY BROOK HOMEOWNERS
ASSOCIATION,

        Defendants-Respondents,

                and

LANDSCAPE MAINTENANCE SERVICES,

        Defendant.



DECIDED          August 12, 2015
_____
              Chief Justice Rabner              PRESIDING
_____
OPINION BY          Justice Albin
_____
CONCURRING/DISSENTING OPINIONS BY  _____

DISSENTING OPINION BY  _____

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | -------------------- | -------------------- |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |