NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0257-16T1

TINA WALDEIER and PAUL WALDEIER,

 Plaintiffs-Appellants,

v.

PIPER 1 TOWNHOUSE CONDOMINIUM
ASSOCIATION,

 Defendant-Respondent,

and

CITY OF OCEAN CITY,

 Defendant.
_________________________________

 Argued September 27, 2017 – Decided November 22, 2017

 Before Judges Alvarez, Nugent and Geiger.

 On appeal from Superior Court of New Jersey,
 Law Division, Cape May County, Docket No. L-
 0555-13.

 Albert J. Brooks, Jr., argued the cause for
 appellants (Fodera & Long, P.C., attorneys;
 Mr. Brooks, on the briefs).

 Gregory S. Pennington argued the cause for
 respondent (White Fleischner & Fino, LLP,
 attorneys; Mr. Pennington and John J.
 Megjugorac, on the brief).
PER CURIAM

 Plaintiffs appeal the summary judgment dismissal of plaintiff

Tina Waldeier's personal injury complaint, in which she alleged

defendant Piper I Townhouse Condominium Association (the

Association) was liable for a defect in the sidewalk that caused

her to fall from her bicycle.1 The trial court determined the

condominiums governed by the Association were primarily

residential. Because homeowners are not liable for defects in

public sidewalks adjacent to public streets that adjoin their

residences, the court dismissed plaintiff's complaint. Having

reviewed the motion record de novo, we agree with the trial court's

determination that the motion record presented no genuine issue

of material fact. We also agree with the trial court's legal

conclusions. Accordingly, we affirm the order of summary judgment.

 Plaintiff commenced this action by filing a complaint against

the Association, the individual owners of the thirteen condominium

units in the complex, and the City of Ocean City (the City), where

the condominium complex is located. During discovery, plaintiff

dismissed the complaint against the individual condominium owners

and settled her claim against the City. Her remaining claim

1
 Paul Waldeier's per quod claim is derivative. For that reason,
we use the term "plaintiff" to refer to Tina Waldeier.

 2 A-0257-16T1
against the Association was resolved when the trial court granted

the Association's summary judgment motion.

 The summary judgment motion record, viewed in the light most

favorable to plaintiff as the non-moving party, R. 4:46-2, supports

the following facts.

 Plaintiff was thrown from her bicycle and injured when her

bike struck a defect in the sidewalk at the southeast corner of

13th Street and Haven Avenue in Ocean City. The Piper I

Condominium (the Condominium) buildings are adjacent to the 13th

Street and Haven Avenue sidewalks where plaintiff's accident

occurred.

 The sidewalks extending easterly and southerly from the

southeast corner of 13th Street and Haven Avenue border the

Condominium buildings, which front on Haven Avenue. The

Condominium complex includes thirteen units. The unit owners make

up the Association, which is a not-for-profit entity. The

Condominium's Master Deed contains a restrictive covenant, which

states, "[e]ach [u]nit is intended to be, and shall be, used as a

private residence only." Nonetheless, unit owners are permitted

to rent the units. At least two units, and possibly as many as

four, were held for rent by their owners.

 The record shows unresolved factual disputes about whether

the sidewalk where plaintiff was injured is included in the Master

 3 A-0257-16T1
Deed's description of the Condominium property, and whether it is

a common element of the Condominium property. The parties based

their arguments on circumstantial evidence derived from the Master

Deed's references to walkways and pedestrian sidewalks, a map, and

deposition testimony. Neither party provided expert testimony as

to whether the sidewalk on the southeast corner of 13th Street and

Haven Avenue fell within the metes and bounds description of the

Condominium property. The parties disputed whether it was the

City or the Association that was responsible for maintaining the

sidewalk.

 The record also contains conflicting evidence concerning the

number of unit owners who resided in their units throughout the

year. In supplemental interrogatory answers, the Association

stated that five of the thirteen units were owner-occupied all

year:

 Units A, C, F, G and M are occupied by
 their owners year-round. Units D, E, I and J
 are rental Units and are occupied
 approximately 25% of the year, and Units B,
 H, K and L are used as second homes and are
 occupied approximately 10% of the year.

However, when the City cited the unit owners for code violations

with respect to the adjoining sidewalk, the City served the

violation notices by mailing them to each unit owner at his or her

primary residence address contained in the City's property tax

 4 A-0257-16T1
records. According to the tax records, only three of the unit

owners resided permanently at their units.

 When the trial court granted the Association's summary

judgment motion, it determined the Condominium complex was

predominantly residential. Owners of predominantly residential

premises are not liable under current case law for injuries caused

by defects in abutting public sidewalks. The court did not

determine whether the abutting sidewalks were common elements of

the Condominium property or what consequences flowed from such a

determination.

 On appeal, plaintiff argues that the Supreme Court's decision

in Qian v. Toll Bros., 223 N.J. 124 (2015), decided after the

trial court granted summary judgment here, requires reversal.

Plaintiff contends the sidewalk where she fell was a common element

of the Condominium complex, and, therefore, the Association is

liable under the principles announced in Qian concerning sidewalk

liability for a condominium complex's common elements. Plaintiff

also argues the trial court erred by finding the Condominium

complex was predominantly residential notwithstanding materially

disputed facts to the contrary.

 The Association claims the sidewalk where plaintiff was

injured is not a common element of the Condominium, so Qian is

inapposite. Alternatively, the Association argues even if the

 5 A-0257-16T1
sidewalk is a common element, the facts in Qian are so

distinguishable from those in this case that the Association has

no liability. The Association also argues the trial court

correctly determined the Condominium was predominantly

residential. Lastly, the Association asserts that imposing

liability would undermine the condominium form of home ownership.

 Appellate courts "review[] an order granting summary judgment

in accordance with the same standard as the motion judge." Bhagat

v. Bhagat, 217 N.J. 22, 38 (2014) (citations omitted). We "review

the competent evidential materials submitted by the parties to

identify whether there are genuine issues of material fact and,

if not, whether the moving party is entitled to summary judgment

as a matter of law." Ibid. (citing Brill v. Guardian Life Ins.

Co. of Am., 142 N.J. 520, 540 (1995); R. 4:46-2(c)). A trial

court's determination that a party is entitled to summary judgment

as a matter of law is not entitled to any "special deference," and

is subject to de novo review. Cypress Point Condo. Ass'n v. Adria

Towers, L.L.C., 226 N.J. 403, 415 (2016) (citation omitted).

 Applying that standard to the motion record in the case before

us, we conclude the trial court correctly determined the

Condominium complex was predominantly residential.

 In an "unbroken series of decisions" by our Supreme Court,

the "Court has maintained a distinction between commercial and

 6 A-0257-16T1
residential property owners for the purpose of imposing a duty to

maintain sidewalks." Luchejko v. City of Hoboken, 207 N.J. 191,

195 (2011) (citation omitted). In the Court's view, "the

development of the condominium form of home ownership has done

nothing to undermine the principles that support the

residential/commercial dichotomy." Id. at 211. In recognizing

this distinction, the Court has explained that "commonly accepted

definitions of 'commercial' and 'residential' property should

apply." Ibid. (quoting Stewart v. 104 Wallace Street, Inc., 87

N.J. 146, 160 (1981)). In determining that a 104-unit condominium

complex was residential, the Luchejko Court noted the condominium

association was a non-profit corporation whose members were the

unit owners, and though fees were collected from the members, the

funds were used solely for the upkeep of the property. Id. at

146, 207. Further, the Master Deed restricted the use of each

unit as a private residence, although the unit owners were

permitted to lease their units. Id. at 207. And though the

Association was "required by its bylaws to maintain liability

insurance, public sidewalks [were] not required to be covered

under the Master Deed and [were] not a common element under the

policy." Ibid.

 Here, the trial court correctly concluded the Condominium

complex was predominantly residential. In addition to the units

 7 A-0257-16T1
that were owner-occupied year-round, other units were occupied

during part of the year. That some units may have been used for

purposes of vacation, or for some other purpose on a part-time

basis, did not change the residential character of those units.

Only two, perhaps four of the units were held for rental, that is,

for investment purposes.

 Moreover, like the condominium in Luchejko, here the Master

Deed restricted the units to residential use. The Condominium

complex included no retail or commercial establishment. We

conclude, as did the trial judge, that the Condominium is used

predominantly for residential purposes and, therefore, the

Association has no sidewalk liability for plaintiff's accident and

injuries.

 We also reject plaintiff's argument that the Supreme Court's

decision in Qian requires reversal. In that case, "a resident

fell on ice on a private sidewalk within a common-interest

community." Qian, supra, 223 N.J. at 127. The Court held that

"[r]esidential public-sidewalk immunity does not apply in the case

of a sidewalk privately owned by a common-interest community."

Ibid. The Court explained, "[w]ho owns or controls the sidewalk,

not who uses it, is the key distinguishing point between a public

and private sidewalk." Ibid.

 8 A-0257-16T1
 Although plaintiff disputes who owns or controls the sidewalk

where she fell, the evidence that the sidewalk is public, not

private, is so one-sided that plaintiff must prevail as a matter

of law. See Brill, supra, 142 N.J. at 540. Plaintiff's argument

that the sidewalk was a common element of the Condominium is

circumstantial. Plaintiff bases the argument on terminology in

the Master Deed and the alleged absence of any internal sidewalks

in the Condominium complex. Yet, her own deposition testimony as

well as her exhibits show, indisputably, that the sidewalks along

13th Street and Haven Avenue extend well beyond the Condominium

property. If the Association owned and controlled the sidewalk,

it would presumably be able to exclude members of the public from

the Condominium property. No one can seriously contend the

Association could exclude members of the public from using the

sidewalks along 13th Street and Haven Avenue.

 In the present case, the sidewalk abuts the Association's

property and is subject to control by the municipality. The

municipality demonstrated this control over the sidewalks when it

cited the unit owners for the defects in the sidewalk.

 Plaintiffs emphasize the Association's repair of the sidewalk

as evidence the Association controls and owns the sidewalk.

However, plaintiffs overlook that:

 9 A-0257-16T1
 [B]reach of an ordinance directing private
 persons to care for public property "shall be
 remediable only at the instance of the
 municipal government . . . and that there
 shall be no right of action to an individual
 citizen especially injured in consequence of
 such breach. The most conspicuous cases of
 this sort are those that deny liability to
 private suit for violation of the duty imposed
 by ordinance upon abutting property-owners to
 maintain sidewalk pavements or to remove ice
 and snow from the walks."

 [Luchejko, supra, 207 N.J. at 200 (quoting
 Fielders v. N. Jersey St. Ry. Co., 68 N.J.L.
 343, 352 (E. & A. 1902)) (bolded emphasis
 added).]

 N.J.S.A. 40:65-14 authorizes municipalities to make it the

duty of abutting landowners to maintain a curb or sidewalk.

Stewart, supra, 87 N.J. at 155. By adopting an ordinance as

authorized by this statute, however, the municipality does not

impose tort liability on the abutting landowners for defects in

the sidewalk. Therefore, the Association's repair of the sidewalk

is not dispositive of ownership.

 The Condominiums are predominantly residential, and the

abutting sidewalks along 13th Street and Haven Avenue are public

sidewalks. For these reasons, we affirm the trial court's order

of judgment.

 Affirmed.

 10 A-0257-16T1