**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4083-17T3

HELEN CONTE and KEVIN
CONTE, h/w,

     Plaintiffs-Appellants,

v.

THE FOXMOOR MASTER
ASSOCIATION, INC., THE
FOXMOOR IV CONDOMINIUM
ASSOCIATION, INC., FOXMOOR
ASSOCIATES, LLC, and
LEVANDUSKI SNOW
REMOVAL SERVICES, LLC,

     Defendants,

and

SIGNATURE PROPERTY GROUP and
WYNDHAM PLACE CONDOMINIUM
ASSOCIATION,

     Defendants-Respondents.

_____

Argued March 6, 2019 – Decided March 27, 2019

Before Judges Fuentes, Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2890-15.

Brandon C. Simmons argued the cause for appellants (Szaferman, Lakind, Blumstein & Blader, PC, attorneys; Michael R. Paglione, on the briefs).

Amanda J. Sawyer argued the cause for respondents (Methfessel & Werbel, attorneys; Amanda J. Sawyer, of counsel and on the brief).

PER CURIAM

Plaintiffs Helen Conte and Kevin Conte appeal from a January 3, 2018 order granting summary judgment to defendants Signature Property Group (Signature) and Wyndham Place Condominium Association (Wyndham) dismissing the complaint against defendants without prejudice.[1] Plaintiffs also appeal an April 9, 2018 order denying their motion for reconsideration and dismissing the complaint against defendants with prejudice. We affirm in part, reverse in part and remand for further proceedings.

---

[1] The order also granted summary judgment to defendants Foxmoor Master Association, Inc., The Foxmoor IV Condominium Association, Inc., and Foxmoor Associates, LLC, and dismissed the complaint as to those defendants with prejudice. Plaintiffs do not challenge on appeal the court's award of summary judgment to these defendants or the dismissal of the complaint against them with prejudice.

I.

In our review of the record before the trial court, we view the facts and all reasonable inferences therefrom in the light most favorable to plaintiffs because they are the parties against whom defendants' summary judgment motion was filed. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Applying that standard, the record before the motion court established the following facts.

Plaintiff Helen Conte slipped and fell on ice as she walked her dog on a sidewalk that runs parallel to Washington Boulevard in Robbinsville. The sidewalk is abutted by a fifteen-building, 240-unit residential condominium complex that is owned by Wyndham, a non-profit residential condominium association. Signature serves as Wyndham's property manager for the condominium complex. A raised berm approximately two-feet wide runs parallel to the interior edge of the sidewalk. Helen Conte sustained personal injuries as a result of her fall.

In their complaint,[2] plaintiffs alleged Helen Conte's fall and injuries were proximately caused by defendants' negligence. More particularly, they alleged

---

[2] Plaintiffs filed an original and two amended complaints. We summarize the allegations in the second amended complaint.

A-4083-17T3

Wyndham owned the sidewalk and defendants negligently failed to remove ice from the sidewalk, allowed the hazardous ice condition to exist and failed to warn of the hazardous condition. Plaintiffs also alleged Levanduski Snow Removal, LLC, (Levanduski) was responsible for salting or sanding the sidewalk and removing ice from the sidewalk, but negligently performed those responsibilities and created the dangerous condition that caused Helen Conte's fall.[3]

Following discovery, defendants moved for summary judgment, arguing Hellen Conte fell on a public sidewalk they had no duty to maintain and they were exempt from liability for her fall on a public sidewalk abutting Wyndham's residential property. Plaintiffs opposed the motion, claiming the sidewalk was located on property owned by Wyndham and therefore was part of the common elements of the condominium complex. Plaintiffs further asserted Wyndham had a duty to maintain the sidewalk because it retained Levanduski to remove snow and ice from the sidewalk.

The court heard oral argument on the motion, and found Wyndham was "immune from liability pursuant to the residential property exemption" because it was "evident from the proofs that the sidewalk at issue abuts the Wyndham

---

[3] Plaintiffs' claims against Levanduski were settled.

4

property" but "is not part of the actual property itself."   In other words, the court found Wyndham, and by extension Signature, were exempt from liability for the alleged dangerous condition of the property because the sidewalk was not located on property Wyndham owned.

The court granted defendants' summary judgment motion but dismissed the complaint without prejudice to allow plaintiffs an opportunity to present evidence supporting their claim that defendants' negligence created the alleged hazardous condition on the sidewalk.  The court suggested such evidence could be submitted in the form of a motion for reconsideration and instructed plaintiffs' counsel he had twenty days to provide additional information supporting the claim.

Consistent with the court's instruction, plaintiffs filed a motion for reconsideration supported by a supplemental expert report from a forensic engineer, John Nawn, P.E.[4]  Nawn's report asserts that Wyndham is responsible under the Robbinsville municipal code for clearing the sidewalk where Helen Conte fell, and that the berm created a dangerous ice condition on the sidewalk because it drained water from melting snow onto the sidewalk and, when the

---

[4]  There is no other report from Nawn included in the record on appeal.

temperature dropped below freezing, the drained water froze on the sidewalk. Defendants filed a cross-motion for summary judgment.

After hearing oral argument, the court denied plaintiffs' reconsideration motion and dismissed the complaint against defendants with prejudice. The court found plaintiffs failed to present "any evidence showing that the pertinent depression in the land is an artificial conduit created by the residential property owner," and Nawn did not assert the berm was artificially created but instead noted only that "due to the difference in the elevation between the sidewalk and the adjacent berm-like mound, water runs down the hill and onto the sidewalk." The court determined that because plaintiffs failed to demonstrate defendants created the dangerous condition, they were exempt from liability for Helen Conte's injuries because she fell on a public sidewalk adjacent to Wyndham's residential property. This appeal followed.

II.

"[W]e review the trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). "The trial court's conclusions of law and application of the law to the facts warrant no deference from a reviewing court." W.J.A. v. D.A., 210 N.J. 229, 238 (2012).

A-4083-17T3

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540.

While "genuine" issues of material fact preclude the granting of summary judgment, R. 4:46-2(c), those "of an insubstantial nature" do not. Brill, 142 N.J. at 530 (citation omitted). "An issue of fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande v. St. Claire's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)); see also R. 4:46-2(c).

Plaintiffs' complaint asserts negligence claims against defendants. "To prevail on a claim of negligence, a plaintiff must establish four elements: (1) that the defendant owed a duty of care; (2) that the defendant breached that duty;

7

(3) actual and proximate causation; and (4) damages." Fernandes v. DAR Dev. Corp., 222 N.J. 390, 403-04 (2015). "[W]hether a defendant owes a legal duty to another and the scope of that duty are generally questions of law for the court to decide." Morris v. T.D. Bank, 454 N.J. Super. 203, 209 (App. Div. 2018) (alteration in original) (quoting Robinson v. Vivirito, 217 N.J. 199, 208 (2014)). "[W]hether the duty was breached is a question of fact." Ibid. (alteration in original) (quoting Jerkins v. Anderson, 191 N.J. 285, 305 (2007)).

Residential property owners, including condominium associations, have no duty to maintain public sidewalks abutting their land as long as they do not affirmatively create a hazardous condition. See Luchejko v. City of Hoboken, 207 N.J. 191, 210-11 (2011). However, a condominium association is subject to "common-law premises-liability jurisprudence" for its privately owned sidewalks, which "imposes a duty on the [a]ssociation to keep its private sidewalks reasonably safe." Qian v. Toll Bros. Inc., 223 N.J. 124, 142 (2015).

Here, the motion court granted defendants summary judgment dismissing plaintiffs' negligence claims. The court found defendants had no duty to remove ice from the sidewalk or otherwise maintain the sidewalk because Wyndham did not own the sidewalk. The court erred, however, because there is a genuine issue of material fact as to whether the sidewalk is owned by Wyndham.

A-4083-17T3

More particularly, Wyndham's master deed, which defendants submitted to the court in support of their summary judgment motion, includes a description of Wyndham's property and incorporates a map showing the property runs parallel with and directly adjacent to Washington Boulevard. As plaintiffs correctly note, "[n]either party undertook a survey to determine whether the location of [p]laintiff's accident was within the boundaries of the property," but it is not disputed Helen Conte fell on a sidewalk located between Wyndham's condominium buildings and Washington Boulevard, and that the sidewalk runs parallel to Washington Boulevard.

Viewing the evidence in the light most favorable to plaintiffs, the map annexed to master deed shows that all of the property between Wyndham's condominium buildings and Washington Boulevard is owned by Wyndham. Thus, although the sidewalk where Helen Conte fell is not depicted on the map, because the evidence shows the sidewalk runs parallel to Washington Boulevard to the side of the road where the Wyndham condominium is located, the map permits the reasonable inference that the sidewalk is located on property owned by Wyndham. The inference is further supported by the master deed, which expressly provides that Wyndham's "common elements shall include . . . [a]ll of the walkways . . . located on the . . . parcel of land" described in the deed, and

A-4083-17T3

the evidence showing Wyndham assumed responsibility for the sidewalk's maintenance by contracting with Levanduski to clear the sidewalk of snow.

Defendants dispute that Wyndham owned the property or had a duty to maintain it free of the ice plaintiffs argue caused Helen Conte's injuries. That dispute, however, is for the jury to resolve. We determine only that the evidence before the motion court was sufficient to raise a genuine of issue of fact concerning ownership of the sidewalk that precluded an award of summary judgment. R. 4:46-2(c). The court's determination that defendants had no duty to maintain the sidewalk free of ice is based on an incorrect finding that there is no factual dispute concerning the sidewalk's ownership. We are therefore constrained to reverse the court's order granting summary judgment to defendants on plaintiffs' claim that defendants had a duty to maintain the sidewalk because it was on property owned by Wyndham.

Plaintiffs also contend the court erred by denying their motion for reconsideration and granting defendants' cross-motion for summary judgment dismissing plaintiffs' claim that defendants negligently created a hazardous condition on the sidewalk by constructing or maintaining an artificial berm. We are not persuaded.

10

In the first instance, it is inaccurate to characterize plaintiffs' request as a motion for reconsideration under Rule 4:49-2. Plaintiffs did not seek reconsideration of the court's initial decision granting defendants summary judgment based on its finding the sidewalk is not on Wyndham's property. Instead, plaintiffs filed the motion pursuant to the court's direction that they could submit supplemental information, in the form of a putative reconsideration motion, to support an alternative theory of liability against defendants—that the alleged artificially created berm caused melting snow to pool on the sidewalk thereby creating a hazardous condition when the temperatures fell below freezing.

Plaintiffs' alternative theory is founded on the contention that an artificially created berm which causes water to flow onto a sidewalk and creates a hazardous condition permits a finding of liability against defendants. See, e.g., Gellenthin v. J. & D., Inc., 38 N.J. 341, 353 (1962) (finding a landowner liable for injuries caused by frozen water on a sidewalk resulting from the landowner's use of drainpipes to funnel water onto the sidewalk adjacent to the landowner's property). The court, however, correctly rejected plaintiffs' alternative theory and granted defendants' cross-motion for summary judgment dismissing the claim because plaintiffs failed to present any competent evidence that the berm

A-4083-17T3

is not part of the natural topography.[5]   We therefore affirm the court's denial of plaintiffs' reconsideration motion and its order granting defendants' cross-motion for summary judgment dismissing plaintiffs' claim that defendants are liable for plaintiffs' alleged injuries because they created a dangerous condition through installation or maintenance of a berm that is not part of the natural topography, or by allowing the berm to direct water toward or onto the sidewalk where Helen Conte fell.

Affirmed in part and reversed in part.  Remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5]  At oral argument before us, plaintiffs' counsel acknowledged that the record is devoid of any competent evidence the berm was artificially created.

A-4083-17T3