**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3004-14T1

FRICTIANA PEREZ, and her
husband, PASCUAL PEREZ,

    Plaintiffs-Appellants,

v.

ANALIS FERNANDEZ, ESPERANZA
FERNANDEZ, and JUANA FERNANDEZ,

    Defendants-Respondents.

_____

Submitted September 13, 2016 — Decided  June 21, 2017

Before Judges Kennedy and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-2057-12.

Spevack Law Offices, P.A., attorneys for appellants (Howard H. Sims, on the brief).

Zirulnik, Sherlock & DeMille, attorneys for respondent Analis Fernandez (Elizabeth R. Brennan, of counsel; Ellen G. Bertman, on the brief).

Leary Bride Tinker & Moran, P.C., attorneys for respondents Esperanza Fernandez and Juana Fernandez (Wendy A. Reek, on the brief).

PER CURIAM

Plaintiff Frictiana Perez (Frictiana) broke her wrist when she tripped and fell on a sidewalk adjacent to a three-family home owned by defendant Analis Fernandez and partially occupied and managed by Analis' parents, defendants Esperanza and Juana Fernandez.[1] Plaintiffs, Frictiana and her husband, appeal from orders granting summary judgment to defendants and denying their motion for reconsideration. We affirm because without an expert, plaintiffs could not prove liability since they could not establish how long the alleged defect in the sidewalk existed and who was responsible for the defect.

I.

On September 7, 2010, Frictiana tripped on a sidewalk that ran adjacent to property owned by defendant Analis Fernandez. The property contained a three-family home, and Analis' parents, defendants Esperanza and Juana Fernandez, occupied one of the homes and managed the other two homes. Moreover, the parents had previously owned the three-family home and had sold it to Analis. Analis does not reside at the property.

Plaintiffs filed a complaint in March 2012, claiming that defendants negligently built or maintained the sidewalk. Defendants initially failed to respond to the complaint and

---

[1] Defendant-Respondent Juana Fernandez was incorrectly designated as "Joana Fernandez."

plaintiffs obtained a default. Thereafter, the default was vacated and the parties engaged in discovery.

At her deposition, Frictiana testified that she was walking on the sidewalk next to defendants' property when she tripped and fell. She explained that she did not see what caused her to trip until she fell and then, while lying on the ground, she saw that the sidewalk was "raised." Frictiana was alone when she fell and, thus, there were no other eyewitnesses.

After Frictiana fell, her husband, Pascual Perez (Pascual), found her while she was still lying on the sidewalk. Pascual testified that he did not know what caused Frictiana to fall. Pascual also testified that there was construction activity taking place on the street next to the sidewalk where his wife fell. During discovery, plaintiffs produced photographs of the sidewalk. Those photographs showed that there was a raised slab in the area of the sidewalk where Frictiana fell.

All three defendants testified that they were not aware of any problem with the sidewalk before Frictiana fell. Defendant Esperanza Fernandez further explained that, years prior to Frictiana's fall, in 2001, he requested the City of Perth Amboy to cut down a tree because it was damaging the roof of his home and the roots were damaging the sidewalk. He also testified that once the tree was cut down, he was not aware of any problem with

the sidewalk. He went on to testify that after Frictiana fell, he hired someone to fix a portion of the sidewalk and that person pointed out that the slab Frictiana tripped on should also be repaired.

Plaintiffs retained a liability-engineering expert. The expert prepared two reports. One report opined that the sidewalk was in an unsafe condition because of construction in the street adjacent to the sidewalk, and thus, the construction contractor was responsible for the displacement in the sidewalk. The other report opined that the sidewalk was displaced and that the homeowners were responsible for failure to maintain the sidewalk.

During discovery, plaintiffs served the first expert report, identifying the construction contractor as the responsible party. Plaintiffs maintain that the first expert report was served by mistake. After the close of discovery, plaintiffs served the second expert report, identifying defendants as the responsible parties. Defendants moved to suppress the report and that motion was granted. Thereafter, plaintiffs announced that they would proceed to trial without an expert.

Defendants subsequently moved for summary judgment. Defendants contended that plaintiffs could not establish negligence without an expert because plaintiffs could not show how and when the sidewalk had been damaged. Thus, defendants argued

that plaintiffs could not prove that they caused or knew of the defect in the sidewalk before Frictiana tripped and fell.

The motion judge heard oral argument and granted summary judgment to all three defendants. The judge reasoned that an expert was needed to testify that a dangerous condition existed with the sidewalk and that defendants should have known of that condition. The motion judge also reasoned that plaintiffs had produced one expert report that opined that the construction contractor caused the sidewalk to settle. Although the judge was aware that plaintiffs were no longer relying on that expert or the expert report, he reasoned that defendants could call the expert to testify. Moreover, the judge reasoned that even if the expert was not called, there was other evidence showing that there was construction activity. Ultimately, the motion judge reasoned that there was nothing in the record to establish how long the alleged damage to the sidewalk existed, and thus, plaintiffs could not show that defendants should have known of the alleged dangerous condition. On December 19, 2014, the judge entered orders granting summary judgment to defendants.

Plaintiffs moved for reconsideration. The court heard oral argument on that motion and denied it in an order entered on February 20, 2015. Plaintiffs now appeal from the orders granting

summary judgment to defendants and the order denying the motion for reconsideration.

## II.

On appeal, plaintiffs make three arguments: (1) the trial court improperly considered the expert report and violated plaintiffs' due process because plaintiffs were no longer relying on that expert; (2) the evidence, including photographic evidence, was sufficient to create a genuine issue of material fact requiring submission of the matter to a jury; and (3) the trial court erred in denying the motion for reconsideration.

In reviewing a summary judgment order, we use a de novo standard of review and apply the same standard employed by the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Accordingly, we determine whether the moving party has demonstrated there were no genuine disputes as to material facts and, if so, whether the facts, viewed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. Id. at 405-06; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); R. 4:46.

Plaintiffs claimed that defendants were negligent in building or maintaining the sidewalk. "[A] negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and

(4) damages." Davis, supra, 219 N.J. at 406 (alteration in original) (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013)). Plaintiff bears "the burden of establishing those elements 'by some competent proof.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Davis, supra, 219 N.J. at 406). Simply showing the occurrence of an incident causing the injury sued upon is not sufficient to support a finding of an incident of negligence. Long v. Landy, 35 N.J. 44, 54 (1961). "Negligence is a fact which must be shown and which will not be presumed." Ibid. "In an ordinary negligence case, the plaintiff bears the burden of showing the unreasonableness of the defendant's conduct (in other words, the defendant's breach of a duty owed)." Feldman v. Lederle Labs., 132 N.J. 339, 349-50 (1993).

Here, plaintiffs needed to show that defendants had breached their duty owed to those walking on the sidewalk abutting their property. In that regard, "commercial property owners would be 'liable for injuries on the sidewalks abutting their property that are caused by their negligent failure to maintain the sidewalk in reasonably good condition.'" Qian v. Toll Bros. Inc., 223 N.J. 124, 135 (2015) (quoting Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 150 (1981)). The duty of commercial property owners is limited, however. "[T]hey are merely required to take reasonable care to prevent foreseeable harm." Vega by Muniz v. Piedilato,

154 N.J. 496, 522 (1998) (Handler, J., concurring).  Accordingly, an injured plaintiff must prove that defendants had actual or constructive knowledge of the dangerous condition that caused the injury.  Brown v. Racquet Club of Bricktown, 95 N.J. 280, 291 (1984).[2]

Defendants all testified that they were not aware of the raised slab on which Frictiana fell.  Thus, plaintiffs needed some evidence showing that defendants should have known of the problem with the slab.  To make such a showing, plaintiffs needed evidence of how the slab was damaged and how long the slab was damaged.  In the absence of expert testimony, there was no competent evidence to show defendants were negligent.

Plaintiffs first argue that the trial court improperly considered an expert report upon which they were no longer relying.  Our review of the record establishes that the court did not improperly consider the expert report.  The expert report was produced in discovery and was submitted to the court as part of

---

[2] We assume for this analysis that defendant Analis owned a commercial property and thus had a duty to maintain the sidewalk abutting her property.  See  Wilson v. Jacobs, 334 N.J. Super. 640, 642-43 (App. Div. 2000) (holding that non-owner occupied house entirely rented to tenants was 'commercial' notwithstanding that tenant was family member); see also Luchejko v. City of Hoboken, 207 N.J. 191, 206 n. 5 (2011) (noting that residential property can be considered commercial, depending on how the property is used).

the papers for consideration on the motions for summary judgment. The trial court did not rely on the expert report. To the contrary, the trial court made the point that without an expert report, plaintiffs could not establish that defendants should have known of the alleged damage to the sidewalk with sufficient time to repair the damage. In that regard, the court pointed out that with or without considering the expert report, there was evidence indicating that construction work was taking place on the street next to the sidewalk. Consequently, defendants would be able to argue that the construction may have caused the damage and there was no proof as to when the damage was actually caused. Such a consideration by the trial court did not violate any concept of due process.

Next, plaintiffs argue that there was sufficient evidence in the record, including photographic evidence, to create a genuine issue of material fact. The photographs that plaintiffs rely on show that a slab in the sidewalk was uneven. What that photographic evidence could not show is when the slab became uneven. In other words, without expert testimony, there was no proof that defendants had sufficient time to become aware of the slab and to repair it.

Having determined that summary judgment was properly granted, plaintiffs cannot establish that the motion for reconsideration was improperly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3004-14T1