**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1007-15T2

STEPHEN A. WILLIAMS, CHRISTOPHER M.
WILLIAMS, PETER F. WILLIAMS and
ELISABETH M. WILLIAMS,

        Plaintiffs-Appellants,

and

LAUREN DWYER,

        Plaintiff/Intervenor,

v.

PAUL E. PAHLCK and AKRAM GHANNAM,
individually, as attorneys-in-fact
for Nancy Hammond Williams, as
Executors of the Estate of Nancy
Hammond Williams, Akram Ghannam, as
Executor of the Estate of Roland C.
Williams; Paul E. Pahlck as
Independent Trustee of the Williams
Family Trust u/a/d December 26, 1994;
Paul E. Pahlck, as Independent
Trustee of the Nancy Hammond Williams
Revocable Trust as Amended and
Restated on July 27, 1995; and Paul E.
Pahlck, as Independent Trustee of
the Roland C. Williams Revocable
Trust as Amended and Restated on
July 27, 1995,

        Defendants-Respondents,

and

PAUL E. PAHLCK and AKRAM GHANNAM, as
Executors of the Estate of Nancy
Hammond Williams, and Trustees of the
Testamentary trusts established herein,

        Third-Party Plaintiffs,

v.

LESLIE WILLIAMS, as Trustee of the
Williams Family Trust u/a/d
December 26, 1994; MARLIES DWYER, as
Trustee of the Williams Family
Trust u/a/d December 26, 1994; and
GARY WILLIAMS, as Trustee of the
Williams Family Trust u/a/d
December 26, 1994,

        Third-Party Defendants.

---

Argued May 9, 2017 — Decided August 31, 2017

Before Judges Messano, Espinosa, and Grall.

On appeal from the Superior Court of New
Jersey, Chancery Division, Bergen County,
Docket No. C-234-12.

John K. Walsh, Jr., argued the cause for
appellants (Walsh & Walsh, attorneys; Mr.
Walsh, of counsel and on the briefs).

Leonard Z. Kaufmann argued the cause for
respondents (Cohn, Lifland, Pearlman,
Herrmann & Knopf, LLP, attorneys; Mr.
Kaufmann, on the brief).

PER CURIAM

Plaintiffs appeal a grant of summary judgment to defendants on all six counts of their complaint, one count alleging tortious interference with inheritance and five asserting breach of fiduciary duties. They also appeal a denial of their motion for summary judgment on four counts. Plaintiffs' claims involve the wills of Nancy H. and Roland C. Williams (collectively the couple) and trusts they established while married. This action is the most recent in a series involving these wills and trusts.[1]

Roland and Nancy married in 1986, and no children were born of their marriage. Roland, however, had three children who were adults in 1986 — Leslie and Gary Williams and Marlies Dwyer. Nancy died in March 2008, and Roland died in August 2010. Roland's children served as executors of their father's estate and each received $1.2 million on Roland's passing. Under Nancy's will, which established the maximum allowable credit shelter trust for Roland's benefit during his life and provided for its termination and disbursement on his death, each of his children was entitled to $50,000 and his grandchildren were each entitled to $25,000.

Plaintiffs in this action are Roland's grandchildren — Leslie's four children. Gary has no children. Intervenor-

_____

[1] The prior proceedings are summarized in Judge Robert P. Contillo's September 23, 2015 letter opinion.

plaintiff, Lauren Dwyer, is Marlies's daughter. Lauren resolved her claims before the orders on summary judgment were entered. Accordingly, she did not appeal.

Defendants Paul E. Pahlck and Akram Ghannam provided services for the couple. Pahlck was Nancy's accountant and licensed financial advisor before she married Roland, and after the marriage, he provided those services for Roland and Nancy. Plaintiffs sued Pahlck individually and in his capacity as executor of Roland's and Nancy's wills and as the independent trustee of the three trusts the parties established.

Defendant Akram Ghannam did not know Nancy or Roland until 2004. Initially he drove Nancy to and from the airport when she came to New Jersey. The couple retained Ghannam full-time to drive and assist them with errands in 2005, when they opted to live here year round. Ghannam's role expanded with the couple's needs to the point of having authority under a healthcare directive and power of attorney. After Nancy's death, he assisted Roland with the tasks of daily living including payment of household bills. Plaintiffs sued Ghannam individually and in his capacity as co-executor of Nancy's 2008 will and holder of Roland's power of attorney.

The couple established the trusts at issue early in their marriage. The trusts are the NHWT, Nancy's revocable trust, the

RCWT, Roland's revocable trust, and the WFT, the Williams Family Trust.

The NHWT and RCWT were initially funded with an equal number of shares, over 200, of stock in West Publishing Company (West stock). Roland's grandfather acquired the stock as an employee of West Publishing's predecessor, and Roland inherited the shares. The NHWT and RCWT were established in 1991 and amended and restated in 1995.

When the couple established the NHWT and RCWT in 1991, they signed an "Agreement not to Amend Will or Trust." The title is a misnomer, because the agreement addresses trusts but not wills. The agreement states the couple's intention to retain the West stock, "if at all possible, in trust for" their lifetimes and the lifetimes of Roland's children and grandchildren.

The couple established the WFT in 1994. They funded the WFT with 100 shares of West stock.

As amended and restated, the NHWT and RCWT mirror one another. Nancy and Roland is each the grantor and, during their lifetime, sole trustee of the individual trust bearing his or her name. Upon Nancy's death, Roland and defendant Pahlck became co-trustees of the NHWT. Upon Roland's death, a Board, with designated members became trustee. The designated members

of that trustee are Leslie, Gary and Marlies, as interested trustees, and defendant Pahlck as independent trustee.

Article I, Section C of each mirror trust defines the corpus to include the West stock and any "additional property added thereto."  Article III, Section C, explains: "[t]he primary and paramount beneficiaries of the Trust are My Spouse and me.  Our wants and needs shall be considered by the Trustee without any consideration of remainder interests in the trust after the death of the survivor of My Spouse and me."

West stock is addressed in Article I, Section E of each mirror trust.  It states the grantor's intent to "hold, administer and distribute" the stock "IN TRUST, under this Trust Agreement," and to hold the stock "intact . . . except as elsewhere otherwise expressly provided."  This section authorizes the trustee to exercise discretion in the event of a forced sale of West stock.

There was a forced sale in 1996.  Thompson Reuters purchased West Publishing Company, and holders of West stock were required to sell.  As a consequence of the sale, the NHWT and RCWT each received $2,496,355 — a total of $4,992,710.

The couple executed reciprocal wills in 2006.  Each left his or her entire estate to the surviving spouse and to the WFT if the spouse did not survive.  Nancy amended her will in 2008,

days before she died, to create a shelter trust for Roland that would terminate on his death. After his death, each of Roland's children and grandchildren, Marymount School in New York City and Cretin-Derham Hall would receive designated sums and defendants Phalck and Ghannam would receive the balance. Days before her death, Nancy withdrew $900,000 from the NHWT.

The trial court and this court "apply the same standard" when considering motions for summary judgment. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 349 (2016) (quoting Qian v. Toll Bros. Inc., 223 N.J. 124, 134-35 (2015)). Both courts consider the evidential materials submitted on the motion "in the light most favorable to the non-moving party." Id. at 349-50. If there is no genuine material fact and the moving party has demonstrated entitlement to judgment as a matter of law, a grant of summary judgment is appropriate. Bhagat v. Bhagat, 217 N.J. 22, 38 (2014); R. 4:46-2(c).

After carefully considering the evidential materials submitted on the motion and cross-motion, including the will and trust documents, in the light most favorable to plaintiffs, Judge Robert P. Contillo concluded there was no evidence that would permit a finding of any deviation from a will or trust document or any misconduct or breach of fiduciary duty.

Having considered the same evidential materials and the

pertinent law in light of the arguments presented here, we affirm substantially for the reasons Judge Contillo stated in his letter opinion dated September 23, 2015.  Plaintiffs' arguments for reversal have insufficient merit to warrant any additional discussion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1007-15T2