**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3053-23

GLENN WEIDLICH,

 Plaintiff-Appellant,

v.

313-319 FIRST STREET CONDO
ASSOCIATION, INC. and CLINTON
HILL CONDO ASSOCIATION,

 Defendants,

and

357 8th STREET CONDOMINIUM
ASSOCIATION, JOSEPH A. DEL
FORNO, INC., DEL FORNO REAL
ESTATE, LLC, and UNLIMITED
BUILDING MANAGEMENT
CORP.,

 Defendants-Respondents.

_____

Argued April 29, 2025 – Decided July 22, 2025

Before Judges Firko, Bishop-Thompson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0795-23.

Michael J. Redenburg argued the cause for appellant.

Stephen Purcell argued the cause for respondents Joseph A. Del Forno, Inc., and Del Forno Real Estate, LLC (Gage Fiore, LLC, attorneys; Anthony R. Fiore, Jr., on the brief).

Mitchell Ramirez argued the cause for respondent 357 8th Street Condominium Association (Moreira Sayles Ramirez, LLC, attorneys; Monique Moreira and Mitchell Ramirez, on the brief).

Mark R. Scirocco argued the cause for respondent Unlimited Building Management Corp. (Scirocco Law, PC, attorneys; Mark R. Scirocco, on the brief).

PER CURIAM

In this slip and fall case, plaintiff Glenn Weidlich appeals from the trial court's three orders entered on May 10, 2024 granting summary judgment and dismissing his complaint against defendants Joseph A. Del Forno, Inc. and Del Forno Real Estate LLC, (Del Forno), 357 8th Street Condominium Association (8th Street), and Unlimited Building Management Corp. (Unlimited). Having reviewed the record de novo, giving plaintiff the benefit of every favorable inference, we are satisfied defendants are entitled to a judgment as a matter of law because there were no genuine issues of material fact as to the elements necessary to establish plaintiff's negligence and premises liability claims.

2

I.

We summarize the undisputed facts in the motion record. We view those facts in the light most favorable to plaintiff, the non-moving party. Crisitello v. St. Theresa Sch., 255 N.J. 200, 218 (2023), as revised (Aug. 14, 2023).

Plaintiff owns and lives in the condominium unit located at 357 8th Street, Jersey City. The building was constructed in 1890. Del Forno had been managing the building for several years. Plaintiff claimed that Del Forno and 8th Street were "responsible for maintaining, repairing and [] servicing the area of [p]laintiff's fall." In November 2021, Del Forno hired Unlimited to paint the façade of the building and the exterior steps.

On the morning of January 5, 2022, as he stepped outside his front door, plaintiff slipped on ice on the landing and fell down the stairs. As a result of the fall, plaintiff sustained a torn patella tendon and underwent surgery.

As a result of the injuries he sustained, plaintiff sued defendants, alleging negligence and premises liability. Plaintiff later amended the complaint to add 8th Street as a defendant. Defendants First Street Condo Association, Inc., and Clinton Hill Condo Association were voluntarily dismissed from the action. Plaintiff alleged that the remaining defendants "were liable for the dangerously

unsafe condition of the exterior front stairs of the building" "which caused [plaintiff] to slip and fall on the steps," resulting in his serious injuries.

At the close of discovery, defendants filed motions for summary judgment, alleging there was no genuine dispute of material fact that plaintiff slipped and fell on ice on the landing. With their motions for summary judgment, defendants produced the expert report of Dr. Mark Marpet, Ph.D., PE., who opined that plaintiff slipped "solely because of the ongoing freezing rain" and icy condition on the landing that morning. Plaintiff opposed the motion, contending plaintiff's expert, Dr. Carl Berkowitz, opined that the deterioration of the exterior concrete stairs allowed water infiltration below the surface of the concrete steps to freeze upon the treads, and Unlimited's use of high gloss patio paint made the stairs more slippery. Plaintiff argues that summary judgment could not be based on differing expert opinions.

Following oral argument, the court granted each defendant's motion for summary judgment and dismissed plaintiff's complaint with prejudice.[1] The

---

[1] The May 10, 2024 order regarding Del Forno granted summary judgment in favor of these defendants and dismissed the complaint and all cross-claims against it but did not state that the dismissal was with prejudice. The court's statement of reasons attached to the order states that the complaint is "dismissed with prejudice." The May 10, 2024 orders regarding Unlimited and 8th Street state that plaintiff's complaint is dismissed with prejudice.

A-3053-23

court provided a comprehensive statement of reasons explaining its reasoning as to each defendant. The court found plaintiff "slipped and fell during an ongoing storm event in the form of freezing rain." Thus, the court found the "[o]ngoing [s]torm [r]ule," which immunizes "'commercial landowners' from negligence if they fail to remove an accumulation of snow and ice from public walkways during an ongoing storm," applies citing Pareja v Princeton Int'l Props., 246 N.J. 546 (2021). The court concluded the record did not support a finding that either exception to the ongoing storm rule, which would impose a duty on defendants, applied in this case.

Regarding Unlimited, the court concluded that the record did not support plaintiff's argument that the paint used by Unlimited "somehow made an icy stair more slippery." Viewing the facts in the light most favorable to plaintiff, the court concluded that there were no genuine issues of material fact, and therefore, defendants were entitled to summary judgment.

On appeal, plaintiff reprises his argument made in opposition to defendants' summary judgment motions and contends the court erred in granting summary judgment because the ongoing storm rule was inapplicable due to the pre-existing dangerous condition of the stairs as a result of defendants' conduct. Plaintiff further argues that this dangerous condition existed because of the

A-3053-23

deterioration of the stairs caused by lack of maintenance and the recent paint job completed on the stairs. Plaintiff asserts that the report of his liability engineering expert, Dr. Berkowitz, together with plaintiff's lay opinion, were sufficient to raise genuine issues of material fact for the jury. Therefore, summary judgment was inappropriately granted.

## II.

We review a grant of a motion for summary judgment de novo, "applying the same standard as the trial court." Samolyk v. Berthe, 251 N.J. 73,78 (2022); Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 655 (2022). Under this standard, summary judgment will be granted when "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial,

6

the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party would require submission of the issue to the trier of fact.'" Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). We owe no deference to the motion court's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (citing Bhagat, 217 N.J. at 38).

To establish a negligence claim, a plaintiff must prove defendant: (1) owed a duty of care; (2) breached that duty; (3) the breach proximately caused the plaintiff's injury; and (4) damages. Townsend v. Pierre, 221 N.J. 36, 51 (2015) (citing Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). "Under New Jersey's general premises liability law, a proprietor owes 'his [or her] invitees due care under all the circumstances.'" Jeter v. Sam's Club, 250 N.J. 240, 251 (2022) (quoting Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015)).

Condominium associations owe a statutory duty to their residents to maintain common areas pursuant to the Condominium Act, N.J.S.A. 46:8B-1 to -38, including paths and exterior stairs. Lechler v. 303 Sunset Ave. Condo. Ass'n, Inc., 452 N.J. Super. 574, 577-78 (App. Div. 2017); N.J.S.A. 46:8B-14(a). Regulations for the maintenance of multiple dwellings—including

condominiums, N.J.S.A. 55:13A-3(k)—make it the "duty of the owner or operator to keep the premises free of . . . icy conditions [and] uncleared snow . . . on paths [and] walks . . . ."  N.J.A.C. 5:10-1.4(a), -6.4(a)(4).

New Jersey law has consistently distinguished between private residential and commercial properties for purposes of common law premises liability.  See Qian v. Toll Bros. Inc., 223 N.J. 124, 136 (2015) (citing Luchejko v. City of Hoboken, 207 N.J. 191, 195, 211 (2011)).  As the Court in Qian held, "common-law premises-liability jurisprudence imposes a duty on [an] [a]ssociation to keep its private sidewalks reasonably safe."  Id. at 142; but see Luchejko, 207 N.J. at 196, 211.

In 2021, our Supreme Court adopted the "ongoing storm rule," which affects the duty commercial landowners have to remove snow and ice accumulations in pathways during a storm.  Pareja, 246 N.J. at 554-56.  "The premise of the [ongoing storm] rule is that it is categorically inexpedient and impractical to remove or reduce hazards from snow and ice while the precipitation is ongoing."  Id. at 558.  The Court explained that "absent unusual circumstances, a commercial landowner's duty to remove snow and ice hazards arises not during the storm, but rather within a reasonable time after the storm."  Ibid.  In Pareja, the Court cited Qian to highlight that our caselaw imposes a

duty on common interest communities and their management companies "to clear snow and ice from the private sidewalks abutting [their] land" while recognizing "[t]hat liability has not been extended to residential landowners." Id. at 556. Here, neither party has argued that defendants had no duty to maintain the stairs outside defendant's condominium and clear snow and ice from them. Rather, the dispute centers on whether one of the exceptions to the ongoing storm rule applies.

The Court in Pareja identified two exceptions to the ongoing storm rule that may impose a duty on a commercial landowner. Id. at 559. First, a commercial landowner may be liable "if [his or her] actions increase the risk to pedestrians and invitees on [the] property, for example, by creating 'unusual circumstances' where the defendant's conduct 'exacerbate[s] and increases[s] the risk' of injury to the plaintiff." Ibid. (alterations in original) (quoting Terry v. Cent. Auto Radiators, Inc., 732 A.2d 713, 717-18 (R.I. 1999)). Second, "a commercial landowner may be liable where there was a pre-existing risk on the premises before the storm." Ibid. Therefore, a landowner may be liable for an injury during a later ongoing storm if it "failed to remove or reduce a pre-existing risk on the property." Ibid.

Plaintiff contends the factual circumstances here raise genuine issues of material fact regarding the applicability of the ongoing storm rule. Specifically, plaintiff argues that defendants' conduct created and increased the risk to plaintiff by: (1) not addressing the "deterioration of the surface of the steps which allowed water infiltration and imperceptible freezing [to occur] over . . . the surface"; (2) using the wrong paint during a recent paint job which made the steps, in plaintiff's opinion, "sleeker" and "rougher in the rain to navigate or when they're wet"; and (3) affixing the handrails next to the steps too far from the pedestrian pathway. Based on our review of the summary judgment record, we are satisfied that the court correctly applied the governing law and determined that neither exception to the ongoing storm rule applies as a matter of law.

A. Expert Opinion.

Plaintiff argues that Dr. Berkowitz's opinion created a genuine issue of material fact regarding "the unreasonably dangerous condition" on the landing of the steps, thereby satisfying one of the Pareja exceptions to the ongoing storm rule: (1) "a preexisting deterioration of the surface of the steps which allowed water infiltration and imperceptible freezing over [and] onto the surface"; and (2) the "handrails that were affixed to the steps [were] too far from the pedestrian

10

pathway . . . ." According to Dr. Berkowitz, the steps were "poorly designed and maintained . . . [and] defective"; therefore, these defects "together with the stairway's low coefficient of friction caused by the ice condition, directly resulted in [plaintiff's] slip and fall." Plaintiff maintains that because defendants "did not properly inspect, assess, repair, or rectify this preexisting condition," the court erred in finding no genuine issue of fact as to whether the exception to the ongoing storm rule applied in this case.

Based upon our de novo review, we are satisfied the court did not err in applying the ongoing storm rule to the undisputed facts for these reasons: (1) plaintiff admitted that he fell due to ice on the landing of the steps; (2) Dr. Berkowitz's opinion regarding the steps is inapplicable because plaintiff fell on the landing and not on the steps; and (3) Dr. Berkowitz's report lacks factual support for the conclusion that the handrails were too far from the walking pathway.

An expert opinion must "be grounded in 'facts or data derived from (1) the expert's personal observations, or (2) evidence submitted at the trial, or (3) data relied upon by the expert which is not necessarily admissible in evidence but which is the type of data normally relied upon by experts.'" Townsend, 221 N.J. at 53 (quoting Polzo, 196 N.J. at 583) (internal quotation marks omitted);

11

N.J.R.E. 703. An expert must "give the why and wherefore that supports the opinion, rather than a mere conclusion." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 410 (2014) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 372 (2011)) (internal quotation marks omitted).

In his answers to interrogatories, plaintiff admitted he slipped because of the "icy condition" on the landing of the exterior step of the building where he lives. During his deposition, plaintiff testified that he slipped on the landing, and not on the stairs:

> Q: How many steps had you taken onto the landing before you slipped?
>
> A: As soon as my foot hit the landing, that was it. The next thing I kn[e]w I was on the sidewalk. There was no additional steps. It was one step and then I kind of just was on the sidewalk.
>
> Q: Which foot did you place onto the landing that slipped?
>
> A: Left.

It is undisputed that there had been no precipitation, including snow and ice, days before plaintiff slipped and fell. Instead, on the date of the incident, "[p]recipitation in the form of freezing rain and snow occurred intermittently" from "4:20 [a.m.] to 5:50 [a.m.]" Then, after 5:50 a.m., freezing rain and freezing drizzle occurred frequently until around 7:30 a.m. "with rain [and]

freezing rain" continuing thereafter. Plaintiff confirmed that the incident happened when he left for work at 7:30 a.m. Moreover, Dr. Berkowitz's report recognized the existence of "icy conditions" on the morning of plaintiff's fall in his opinion when he concluded, "[t]hese design and maintenance defects together with the stairway's low coefficient of friction caused by the icy condition, directly resulted in [plaintiff's] slip and fall.

The undisputed facts establish that plaintiff slipped and fell as soon as he stepped onto the landing outside his front door that morning due to the icy conditions, and not on the steps. Plaintiff admitted that he never reached any of the stairs that Dr. Berkowitz opined were "poorly designed and maintained." It is undisputed that the fall occurred on the landing and not on the steps which Dr. Berkowitz described were "not level and not uniform" and were in need of repair.

Regarding the handrails, Dr. Berkowitz opined that "the locations of the handrails were too far from the walking pathway to allow [plaintiff] the ability to utilize them to stabilize himself or to help him regain his balance after slipping on the icy surface" and that "[r]ailing[s] should be closer to the pedestrian walking pathway." However, Dr. Berkowitz's report fails to provide support for this conclusion. Moreover, Dr. Berkowitz's bare conclusion is not supported by

13

any credible evidence in the record. Without such support, the opinion is an unreliable and inadmissible net opinion.

B. Lay opinion.

Plaintiff next contends that the recent paint job with the "wrong paint" made the steps, in plaintiff's lay opinion, "sleeker" and "rougher in the rain to navigate . . . ." Plaintiff argues that his personal knowledge of the condition of the steps after they were painted created a genuine issue of material fact as to "whether Unlimited's paint job on the stairs caused an unreasonably dangerous condition." We reject plaintiff's newly minted argument that the paint enhanced the slipperiness of the landing for three reasons: (1) plaintiff's expert offered no opinion to support this assertion; (2) this conclusion requires expert testimony; and (3) the record does not support plaintiff's assertion that there is a causal connection between Unlimited's work and plaintiff's fall.

Plaintiff acknowledges that Dr. Berkowitz offered no analysis or opinion as to whether Unlimited's choice of paint made the steps more slippery. Plaintiff also acknowledges that he provided no additional expert opinion regarding the specialized field of painting exterior walkways and stairs.

Under limited circumstances, lay opinion may be appropriate. N.J.R.E. 701 governs the admissibility of lay opinion and states, "[i]f a witness

is not testifying as an expert, the witness' testimony in the form of opinions or inferences may be admitted if it: (a) is rationally based on witness' perception; and (b) will assist in understanding the witness' testimony or determining a fact in issue. "The witness's perception must 'rest[] on the acquisition of knowledge through use of one's sense of touch, taste, sight, smell or hearing.'" State v. Hyman, 451 N.J. Super. 429, 442 (App. Div. 2017) (alteration in original) (quoting State v. McLean, 205 N.J. 438, 457 (2011)); see also N.J.R.E. 602 (stating that, except as otherwise provided by Rule 703 (bases of opinion testimony by experts), a witness may not testify to a matter unless "evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). "A nonexpert may give his [or her] opinion on matters of common knowledge and observation." Murphy v. Trapani, 255 N.J. Super. 65, 74 (App. Div. 1992).

Plaintiff argues that his testimony regarding the condition of the steps is appropriate lay opinion testimony based on his personal experience and perceptions. Unlimited counters that an expert is needed to explain how the type of paint used made the steps more slippery and therefore materially contributed to plaintiff's fall. We hold that without an expert, the record fails to establish a nexus between the paint job and plaintiff's fall.

A-3053-23

Plaintiff may be able to testify regarding his perception that the walkway seemed more slippery since having been painted, especially when it is wet. However, the record does not provide factual support for this perception. Plaintiff testified that in the month since the stairs were painted, he had no problem with the steps.

Moreover, plaintiff lacks personal knowledge and expertise to enable him to testify that the paint was the cause of the stairs becoming more slippery. The question of whether a specific type of paint would exacerbate the slippery condition of the steps is not a question within the personal knowledge of plaintiff. Rather, it is a question that requires scientific or technical knowledge to assist the trier of fact in understanding the evidence or a fact in issue. N.J.R.E. 702. The undisputed testimony from Unlimited's painter was that Unlimited "used the paint that was recommended by Benjamin Moore" for "what [they] would be painting," and they selected a type of caulking and exterior acrylic walking finish paint congruent with the type of work.

We conclude that any causal connection between the paint used thirty days prior to the incident and plaintiff's fall was a subject beyond the average person's common knowledge and understanding. Davis, 219 N.J. at 407. Plaintiff's lay opinion alone was insufficient to establish a genuine issue of fact as to whether

16

Unlimited's paint job caused or contributed to an unreasonably dangerous condition.

## III.

Finally, plaintiff argues the court improperly adjudicated a "battle of the experts" and wrongly granted summary judgment. Plaintiff contends that conflicting expert reports raised a genuine issue of material fact as to whether a preexisting dangerous condition existed, thereby precluding the ongoing storm doctrine. We reject plaintiff's assertions and hold that there were no competing expert opinions as to the essential elements of plaintiff's claims.

We acknowledge that where a genuine issue of material fact exists, summary judgment is inappropriate, and the matter should be resolved by the jury. R. 4:46-2(c); see also Brill, 142 N.J. at 540. Certainly, competing expert opinions may result in a genuine factual dispute. However, that is not the case here.

The report of plaintiff's expert—Dr. Berkowitz—focused on the deterioration of the stairs and briefly discussed the inadequacy of the handrails, though he provided no support for his conclusion that the handrails were too far from the pathway. Defendants' expert, Dr. Mark Marpet, primarily disputed Dr. Berkowitz's allegations regarding the deterioration of the stairs. Dr. Marpet

A-3053-23

opined that Dr. Berkowitz used improper standards to determine whether the stairs were compliant with the building code because, generally, structures should be measured against the building codes that were in place at the time the structure was built. In this case, the building and stairs were constructed in 1890. Dr. Marpet additionally argued that Dr. Berkowitz mischaracterized the landing as an "extra-long tread . . . ." Further, Dr. Marpet only briefly mentioned the handrails and provided no analysis of their distance from the pathway.

For the reasons stated, Dr. Berkowitz's opinion failed to establish either exception under the ongoing storm rule because his report focused on the deterioration of the stairs, and not the landing, where plaintiff actually fell; additionally, the report made only conclusory statements about the location of the handrails. Given these deficiencies, there were no competing opinions on the essential elements of plaintiff's claims, and thus, no material factual dispute was created by the experts' reports.

In sum, we affirm the orders granting summary judgment because the court applied the correct legal principles. Viewing the facts in the light most favorable to plaintiff, the non-moving party, those undisputed facts demonstrated that plaintiff slipped and fell during an ongoing storm event. Applying the ongoing storm rule, the court properly determined that the record

18

did not support a finding that either exception to the rule applied. Thus, defendants had no duty to remove ice from the property until the storm ended. Without evidence of a duty of care, the court properly granted summary judgment to defendants on plaintiff's negligence and premises liability claims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-3053-23