708 A.2d 783

VIRGINIA DALTON AND DANIEL J. DALTON, HER HUSBAND, PLAINTIFFS–APPELLANTS, v. CEASAR P. BARONE [1] AND TRANS SYSTEM, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted March 31, 1998—Decided May 5, 1998.

---

[1] Respondent's name was improperly spelled in the trial court.

Before Judges DREIER, KEEFE and PAUL G. LEVY.

*Sinins & Bross*, attorneys for appellants (*Thomas F. Dorn, Jr.*, on the brief).

*Granstrand & Caiati*, attorneys for respondents (*Eduard Hahn*, on the brief).

The opinion of the court was delivered by

DREIER, P.J.A.D.

Plaintiffs appeal from the dismissal of their automobile negligence, personal injury complaint after an adverse jury verdict, and from the denial of their new trial motion. Virginia Dalton ("plaintiff," when used in the singular) testified to her version of the accident, stating that she was traveling in the left lane of the service road to Route 3 in Secaucus when defendant Barone (a driver for defendant Trans System) pulled onto the service road from an entrance ramp to her left. The tractor-trailer forced plaintiff to the right lane. Then defendant suddenly pulled to the right and hit her vehicle which was proceeding in the right lane. Plaintiff's car was struck near the left rear tire, and, after hitting a light pole, traveled back across all three lanes of Route 3. Plaintiff's version of the accident was in accord with the statement defendant had given to Secaucus police officer Picurro immediately following the accident, as revealed by the police report.

Defendant Barone, however, testified to a different story both at his deposition and at trial. He asserted that plaintiff's car suddenly pulled to the left, causing the collision. Plaintiffs had issued a subpoena to the investigating police officer, but he did not appear at trial. According to plaintiffs' counsel, plaintiffs did not seek an adjournment or try further to induce the officer to come to court because of rulings the attorney claims were made by the judge in chambers prior to trial. Over the attorney's protestations that the statement was an admission of a party, and thus admissible, the judge allegedly told the parties in chambers that the statement made to the officer by defendant on the scene was inadmissible hearsay, and the police officer would not be permitted to testify to it. Plaintiffs' counsel failed to make any statement on the record memorializing the judge's alleged ruling, much less a disagreement with it.

Plaintiffs' attorney also has read literally a statement in *Statham v. Bush,* 253 *N.J.Super.* 607, 615, 602 *A.*2d 779 (App.Div. 1992), that a police report cannot be admitted into evidence in the absence of the officer. This statement in *Statham,* which was merely a passing reference in light of the harmless error rule,

must be understood to give the word "officer" a broad reading. A police report is usually a record of a regularly conducted activity under *N.J.R.E.* 803(c)(6). If the police officer who wrote the report is unavailable, any other police official who could state that the report was a record made in the regular course of the officer's duties and was made at or near the time of the event may establish the report's admissibility. *See* 1991 Supreme Court Evidence Committee Comment, quoted in Biunno, *Current N.J. Rules of Evidence,* comment on *N.J.R.E.* 803(c)(6) (1997–98). The judge, of course, can exclude the report if "the source[ ] of information or the method, purpose or circumstances of preparation indicate[d] that it [was] not trustworthy." *N.J.R.E.* 803(c)(6).

Here, the statement of the defendant, although it is included hearsay in the officer's report, was subject to another hearsay exception as an admission, *N.J.R.E.* 803(b)(1). Additionally, if the officer had appeared and testified and could not remember what defendant had said to him, but could further state that whatever was said was accurately related in the report, defendant's statement was also potentially admissible as past recollection recorded. *N.J.R.E.* 803(c)(5). Therefore the included hearsay would most probably have been admissible, if plaintiffs had provided a proper foundation. *N.J.R.E.* 805.[2] If the judge had opined that an adverse party's statement contained in an otherwise admissible report was itself inadmissible even if the officer testified, the judge was incorrect.

Without the statement, however, the facts of the accident became plaintiff's word against defendant's, and the jury found for defendant. There is no question in our minds that if the contemporaneous report of defendant's statement had been admitted,

_____

[2] In a trial such as the one before us, plaintiffs' attorney could have attempted to obtain a stipulation that the report was a business record so that neither the officer nor another police official familiar with the manner of making and filing police reports would have had to come to court. Alternatively, the trial could have been delayed until the officer who made the report was available. Then, the report would have been admitted into evidence with the included statement.

plaintiffs' case would have been greatly enhanced, and defendant's credibility would have been dealt a severe blow.

■ The problem in the case is that the record does not show plaintiffs' counsel's proffer of the report, any expressed desire to have the officer testify, any argument of the law of evidence on this point, or even a reference to some undefined ruling having been made in the judge's chambers. There is no doubt that there was a settlement conference with the judge, but the judge does not recall making the disputed statement. Plaintiffs' motion for a new trial on this basis was met by an order of the judge stating: "Denied. I don't recall any such ruling or the context thereof. Transcript?" Defendants' trial attorney has left the firm that had represented defendants, and plaintiffs' attorney had not seen fit to contact him to obtain a certification to supplement plaintiffs' attorney's certification. Thus, plaintiffs' counsel's representation has not been verified by the adversary.

This issue gives us some pause, and we will therefore remand the matter for an expansion of the record and reconsideration by the trial judge, if plaintiffs can secure a certification from defendant's trial counsel that the ruling was in fact made, albeit off the record. In such a case the trial judge, recognizing that he has no recollection, should hold a plenary hearing and determine whether he made the disputed ruling. If so, there is good cause for a new trial.

Costs attendant to any such mistake should be assessed against plaintiffs' counsel. As defendant correctly states, if such a ruling had been made by the judge in chambers, and plaintiffs disagreed, the attorney was required to make a record of what had happened and his objection so that there would be adequate appellate review. The judge, of course, had a similar obligation to note on the record any off-the-record rulings he might have made; but here there is a serious issue of whether any ruling was actually made.[3] Plaintiffs' attorney informs us, however, that he did not

---

[3] It is, of course, possible that plaintiffs' attorney misunderstood some statement of the judge as a ruling limiting plaintiffs' proof. This would explain the

make an objection on the record because the judge had already told him what his ruling would be.

This is an inadequate explanation. *Rule* 1:7–2 provides the procedure an attorney must follow:

**1:7–2.  Objections**

For the purpose of reserving questions for review or appeal relating to rulings or orders of the court or instructions to the jury, a party, at the time the ruling or order is made or sought, shall make known to the court specifically the action which the party desires the court to take or the party's objection to the action taken and the grounds therefor.... A party shall only be prejudiced by the absence of an objection if there was an opportunity to object to a ruling, order or charge.

*Rule* 1:7–2 requires a specific request, even an informal one, and an objection to the court's adverse ruling. There was ample opportunity before or during the trial for plaintiffs' attorney to have made an appropriate objection on the record to the alleged ruling. An attorney is charged with the knowledge that dispositive rulings are those made on the record either in open court, or in limited instances not present here, during an *in camera* proceedings. *R.* 1:2–1; *R.* 1:2–2. For a full discussion of the need to make a record of all proceedings or occurrences not taking place in open court, see Pressler, *Current N.J. Court Rules,* comment 2 on *R.* 1:2–2 (1998), and the cases there cited. A ruling made off the record in chambers should have caused counsel to question its efficacy, and at least impelled him to make a proper record.

*Rule* 1:7–3 also provides guidance:

**1:7–3.  Record of Excluded Evidence**

If an objection to a question propounded to a witness is sustained by the court, the examining attorney may, out of the hearing of the jury (if there is a jury), make a specific offer of what is expected to be proved by the answer of the witness, and the court may add such other and further statement as clearly shows the character of the evidence, the form in which it was offered, and the ruling thereon. In actions tried without a jury the court shall upon request permit the evidence and any cross-examination relating thereto or evidence in rebuttal thereof to be taken down by the court reporter in full, or otherwise preserved, unless it clearly appears to the court that the evidence is not admissible on any ground or that the witness is

---

court's lack of recollection. This does not, however, excuse the attorney's failure to object on the record to the "ruling" as he had understood it.

privileged or unless the interest of justice otherwise requires. In actions tried with a jury the court may, in its discretion and in the absence of the jury, permit such taking and preservation of the excluded evidence.

While *R.* 1:7–3 does not strictly apply because there was no question actually propounded to a witness, the rule notes that the evidence must be preserved on the record for our review. We have the report that was allegedly tendered to the court, but the process of preserving the ruling on the record was omitted.

If there is no additional evidence from defendant's trial counsel, it is still clear that the trial of this case resulted in a judgment that might not have been reached had the attorney followed the court rules. This is not, however, the first time that an attorney's procedural error may have had adverse substantive effects upon a client. Nevertheless, the case must be considered concluded as the record before us shows no error, and we are left with no basis to order a new trial other than the unsupported representation of the attorney. The lack of recollection by the trial judge and plaintiffs' attorney's failure to present any supporting certification from defendants' original trial attorney would preclude our finding that this was anything more than a possible misunderstanding by plaintiffs' counsel of a statement of the trial judge in chambers during the course of settlement conferences. This is not a basis upon which we can reverse a judgment resulting from a jury verdict. Because plaintiffs' trial attorney made inadequate efforts to admit the police report into evidence, plaintiffs' further remedies should be clear to their attorneys. We trust that the clients will be duly and properly advised.

The matter is remanded to the Law Division for the possible expansion of the record, the reconsideration by the trial judge, and a new trial if plaintiffs' trial counsel's representation is found to be corroborated by defendant's trial attorney. If there is no such corroboration, the denial of the new trial motion is affirmed.