**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3416-24

TYRONE GRANUM,

    Plaintiff-Appellant,

v.

ECUADOR VELEZ,

    Defendant-Respondent.

_____

Submitted April 27, 2026 – Decided May 1, 2026

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1108-22.

John J. Pisano, attorney for appellant.

Kerley, Walsh, Matera & Cinquemani, PC, attorneys for respondent (Steve J. Kim, on the brief).

PER CURIAM

    This personal injury case arises out of a plaintiff's slip on a patch of ice while going down exterior stairs in defendant's commercial apartment complex.

The trial court granted summary judgment, applying what is known as the "ongoing storm" limitation of a property owner's duties under Pareja v. Princeton Int'l Props., 246 N.J. 546 (2021). Because we agree the trial court properly applied the Supreme Court's holding in Pareja and that neither of the two exceptions to the ongoing storm rule can be proven here, we affirm.

We briefly recite the pertinent facts from the summary judgment record, viewing them in a light most favorable to plaintiff as the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

On January 5, 2022, at some unspecified time between 11:00 a.m. and 12:00 p.m., plaintiff Tyrone Granum, who had been visiting a friend overnight, walked out of a multi-unit apartment house in Newark owned by defendant Ecuador Velez. According to his account, plaintiff slipped on a patch of ice on the first or second upper steps of concrete exterior stairs that lead to and from the building's front door. Plaintiff fell and injured his back. He was diagnosed with multiple herniated discs and required surgery.

Plaintiff claims he did not see the ice patch before he fell. He contends that defendant, as a commercial property owner, was negligent in failing to remove the ice from the stairs and owed him a duty of care as an invitee.

A-3416-24

According to a report of defendant's expert meteorologist, that January 5 morning, "[p]recipitation in the form of freezing rain and/or sleet, occasionally mixed with light snow, occurred intermittently from around 4:20 [a.m.] to 5:15 [a.m.] and then frequently to around 6:05-6:40 [a.m.] EST." Freezing rain continued to occur "frequently" until around 8:20 a.m., and then "intermittently" to around 8:50 a.m. "After 8:50 [a.m.], rain/freezing rain occurred intermittently to around 9:30-9:55 [a.m.] EST. After 9:30-9:50 [a.m.], rain occurred frequently to around 12:30-12:35 [p.m.] EST."

The defense meteorologist also reported that "[a] trace (less than 0.1 inch) of snow and ice accumulated" that morning, but noted that it had melted by 11:59 p.m. EST, i.e., the end of the day. The temperature at the time of plaintiff's fall was about 35 to 37 degrees Fahrenheit.

Although plaintiff's version of events has somewhat varied over time, he presently contends that it had stopped precipitating at the time of his fall. He additionally claims to have filmed a video of the condition of the stairs shortly after his fall. Plaintiff asserts that the video, which was not time-stamped, shows that it had stopped precipitating.

Defendant moved for summary judgment, relying on the Supreme Court majority's adoption of the "ongoing storm" rule in Pareja, 246 N.J. at 549. The

3

majority reversed this court's published opinion in Pareja v. Princeton Int'l Props., 463 N.J. Super. 231, 251-52 (App. Div. 2020), in which we rejected the ongoing storm rule for policy reasons in favor of a more flexible rule of reasonable care in snow-and-ice cases that does not hinge dispositively upon the timing of a storm. In our opinion in Pareja, we noted that many states have declined to adopt the ongoing storm rule, id. at 242-46, while likewise acknowledging that a number of other states have endorsed it, id. at 246-49.

As stated by the Court majority in Pareja, a landowner generally "does not have a duty to remove snow or ice from public walkways until a reasonable time after the cessation of precipitation." 246 N.J. at 548. The Court adopted this "ongoing storm" rule, which it characterized as the dominant view of at least ten other jurisdictions, as an appropriate balancing of the "concerns of commercial landowners" against "the need to provide redress for injured plaintiffs . . . ." Id. at 558.

The Court in Pareja recognized two limited exceptions to ongoing storm immunity in "unusual circumstances." Id. at 559. Commercial landowners may be liable: (1) "if their actions increase the risk to pedestrians and invitees on their property," such as forcing a plaintiff to park and take a longer walk across an area of treacherous ice; or (2) where "there was a pre-existing risk on the

4

premises before the storm" such as failing "to remove snow from a previous storm . . . ." Ibid. The Court explicitly noted the rule does not preclude a jury from hearing "questions of fact such as, but not limited to, when the storm concluded or whether the accumulation of snow or ice was from a previous storm." Ibid.[1]

In her summary judgment ruling in the present case, the motion judge concluded the ongoing storm rule insulated defendant from liability for the condition of the steps, because the record, even viewed in a light most favorable to plaintiff, did not show that the precipitation had ended within a reasonable time before plaintiff fell. The judge also found that neither of the two exceptions to the rule applied.

Plaintiff moved for reconsideration. As part of that motion, plaintiff's counsel represented to the court that the aforementioned video shows it was not precipitating on the premises at the time his client fell. Although the video was supplied to defense counsel in discovery, plaintiff acknowledged to us that the video was not proffered to or submitted to the motion judge. The judge denied reconsideration.

---

[1] Two justices in Pareja dissented, stating they favored the Appellate Division's approach. Id. at 560-65.

On appeal, plaintiff essentially argues that the motion judge failed to consider the record in a light most favorable to him because he factually disputes defendant's contention that the storm had ended. Plaintiff also argues the ongoing storm rule should not be extended to premises such as defendant's apartment complex, which is a multiple dwelling under the Hotel and Multiple Dwelling Law, N.J.S.A. 55:13A-1 to -31 ("the HMDL"). He argues that HMDL regulations support his claim of tort liability in this case.[2]

Given our obligation to apply the Court majority's precedential opinion in Pareja, we must affirm the grant of summary judgment on the record provided. Plaintiff has not presented a genuine issue of material fact reflecting that the January 5, 2022 storm had ended for a reasonable period of time before he fell. His own account of the facts is imprecise and largely uncertain. He acknowledged at his deposition that it may have been sleeting or raining the

---

[2] N.J.A.C. 5:10-6.1 provides that the owner of any multiple dwelling "shall be responsible at all times for keeping all parts of the premises occupied by himself or other persons . . . clean and free of infestation and hazards to the health or safety of occupants and other persons in or near the premises." In addition, N.J.A.C. 5:10-6.4 imposes a duty upon the owner or operator of a multiple dwelling "to keep the premises free of such conditions," including "icy conditions" and "uncleared snow," on "paths, walks, driveways, parking lots and parking areas and other parts of the premises," which must be "removed where necessary to eliminate hazards or insanitary conditions with reasonable dispatch upon their discovery." N.J.A.C. 5:10-6.4(a)(4) (emphasis added).

night before his fall. He further testified that, at the time he came out of the house, "it wasn't snowing," without explicitly denying in his testimony that it was raining or sleeting. He also did not approximate when precipitation had ended.

Plaintiff's reliance on what the video may show is inconsequential. He concedes that he never proffered the video to the trial court, either in his initial opposition to the summary judgment motion or on reconsideration. See R. 1:7-3 (concerning proffers of evidence). Hence, the motion judge was justified in declining to accept as true counsel's representation of what the video might show. "[C]ounsel who does not choose to make [a] proffer may be foreclosed on appeal from raising the question of the prejudicial effect of the exclusionary ruling unless the record or context of the excluded question clearly suggests what was expected to be proved by the excluded evidence." Pressler & Verniero, Rules Governing the Courts of the State of N.J., cmt. on R. 1:7-3 (2026).[3] On

---

[3] See also State v. Baluch, 341 N.J. Super. 141, 196-97 (App. Div. 2001) (noting there was "no offer of proof" concerning the victim's injuries); Dalton v. Barone, 310 N.J. Super. 375, 379 (App. Div. 1998) (observing "the record does not show plaintiffs' counsel's proffer of the report [of the defendant's pertinent statements]").

appeal, we likewise will not speculate about what the non-submitted video might contain.[4]

Moreover, the apparent lack of a time-stamp on the video would make it of questionable evidential value. Additionally, the fact that it might not have been precipitating when plaintiff filmed the video does not mean that defendant had a "reasonable" time to shovel or treat the snow and ice after the storm had ended before the time of plaintiff's fall. Pareja, 246 N.J. at 548.

Plaintiff cites Qian v. Toll Bros. Inc., 223 N.J. 124 (2015), to support his argument that there is a heightened duty of care for privately owned sidewalks (or, in this case, exterior stairs). In Qian, our Supreme Court held that

---

[4] Rule 2:5-4(a) provides that "[t]he record on appeal shall consist of all papers on file in the court or courts or agencies below, with all entries as to matters made on the records of such courts and agencies, the stenographic transcript or statement of the proceedings therein, and all papers filed with or entries made on the records of the appellate court." (Emphasis added). "It is, of course, clear that in their review the appellate courts will not ordinarily consider evidentiary material which is not in the record below by way of adduced proof, judicially noticeable facts, stipulation, admission or a recorded proffer of excluded evidence." Pressler & Verniero, cmt. 1 on R. 2:5-4 (emphasis added); see also Townsend v. Pierre, 221 N.J. 36, 45 n.2 (2015) (determining that "[w]e do not consider other deposition testimony that was not presented to the trial court and that was submitted by the parties for the first time on appeal"); N.J. Div. of Youth and Fam. Servs. v. M.M., 189 N.J. 261, 278 (2007) ("[o]ur scope of review . . . is limited to whether the trial court's decision is supported by the record as it existed at the time of [the trial court proceeding]").

"[r]esidential public-sidewalk immunity does not apply in the case of a sidewalk privately owned by" a homeowner's association, because the homeowner's association "owns or controls the sidewalk[.]" Id. at 127. The present case is distinguishable from Qian because defendant is not claiming that he has immunity from liability; rather, he is simply claiming that his duty to remove ice and snow is suspended until a "reasonable time after the cessation of precipitation." Pareja, 246 N.J. at 548. Even though Qian imposed a duty to "manage and maintain the community's common areas," there is no basis to conclude that the ongoing storm rule does not apply to privately owned, outdoor common areas. Qian, 223 N.J. at 127.

Nor are we persuaded that the ongoing storm rule is inapplicable as a matter of law because of the HMDL regulations. We discern no authority for extending a multiple dwelling owner's regulatory duties under HMDL provisions to create a categorical exception to ongoing storm principles. By analogy, case law in sidewalk liability matters has long held that tort liability is not created by non-adherence to municipal snow-removal ordinances. See Lodato v. Evesham Twp., 388 N.J. Super. 501, 507 (App. Div. 2006); see also Gottsleben v. Annese, 482 N.J. Super. 215, 223 (App. Div. 2025).

Lastly, it is clear that neither of the two exceptions to the ongoing storm rule set forth in <u>Pareja</u> are applicable here. There is no proof that defendant's conduct somehow increased the weather-related risk, or that the danger was pre-existing. <u>Pareja</u>, 246 N.J. at 549.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3416-24